NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220069-U

NO. 4-22-0069

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 14, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| MAURICE ANTWAN McQUEEN, | ) | No. 15CF394 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Katherine S. Gorman, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Cavanagh and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:  As there was no viable claim for postconviction relief pleaded and postconviction counsel was not required to add additional non-meritorious claims, the trial court correctly dismissed defendant's postconviction petition.

¶ 2    Defendant, Maurice Antwan McQueen, appeals from the order of the trial court of Peoria County granting the State's motion to dismiss his petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). Defendant contends that his *pro se* petition made a substantial showing that his trial counsel was ineffective for not filing a motion to withdraw his guilty plea; consequently, defendant argues, postconviction counsel's failure to assert that trial counsel was ineffective constituted a failure to provide reasonable assistance. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged by information with attempted first degree murder (720 ILCS 5/9-1(a)(1) (West 2014)) and aggravated battery (*id.* § 2-3.05(a)(1)) based on allegations that he used a knife to repeatedly stab his ex-wife, Shaka McQueen. At an initial hearing, defendant's attorney requested an evaluation of defendant's mental health and fitness to stand trial. That evaluation concluded that there was no *bona fide* issue as to defendant's fitness to stand trial.

¶ 5        On May 9, 2016, defendant entered into a plea agreement in which he agreed to plead guilty to attempted first degree murder in exchange for the State recommending a sentencing cap of 25 years' imprisonment and dismissing the aggravated battery charge. Defendant's plea counsel announced the deal to the court in defendant's presence noting a "sentencing cap of *** 25 years D.O.C." During the plea proceedings, defendant confirmed the nature of the plea deal with the State, that he was not under the influence of drugs or alcohol, and that he had discussed the guilty plea with his attorney. Defendant further confirmed his understanding of the rights he would be giving up if he pleaded guilty and that he could be sentenced to 6 to 30 years' imprisonment if he went to trial and was convicted of attempted first degree murder. The factual basis for the plea established that during an argument on June 12, 2015, defendant repeatedly stabbed his ex-wife with a knife in the shoulder, chest, and abdomen, and that there were seven to eight eyewitnesses to the attack. The trial court confirmed with defendant that no one had made any threats or promises to force him to plead guilty and that he had thought about the consequences of the guilty plea; defendant confirmed that it was still his desire to plead guilty. The court accepted defendant's guilty plea, finding that it was given knowingly and voluntarily. The case was then set for a sentencing hearing.

¶ 6        At the sentencing hearing held June 24, 2016, defendant's ex-wife testified to the circumstances surrounding the attack, including that defendant stabbed her eight times and that

she also suffered a punctured lung and broken ribs. In mitigation, defendant testified to his various mental health issues and how they, along with being off his medication, contributed to his attack on the victim. After the evidence was presented, the State recommended a sentence of 25 years' imprisonment. Defense counsel argued that defendant had taken responsibility for his actions, which were mitigated by defendant's mental health issues and not being on medication. Counsel further argued that a 25-year sentence would not act as a deterrent to others and would only send a message that the mentally ill are not welcome "out on our streets." Counsel argued that a sentence of 15 years' imprisonment was appropriate given defendant's mental health issues.

¶ 7        Before imposing a sentence, the trial court stated that it had considered the presentence investigation report, the evidence and arguments presented by the parties, and the statement of allocution made by defendant. The court stated that it also considered the statutory factors in mitigation and aggravation, the history and character of defendant, and the nature of the offense. Based upon these factors, the court sentenced defendant to 23 years' imprisonment followed by a 3-year period of mandatory supervised release. The court noted that if defendant received all his "good time" credit, he would serve approximately 19 years in prison. The court then admonished defendant of his rights, including his right to appeal by filing a motion to withdraw his guilty plea within 30 days. The court explained that the motion must list all the reasons why defendant should be allowed to withdraw his guilty plea and that, if the motion was granted, the two charges against defendant would be reinstated and the case set for trial. Alternatively, if the motion was denied, defendant would have 30 days to file a notice of appeal. Finally, the court advised defendant that if he needed help with those motions, an attorney would be appointed. When asked if he had any questions for the court, defendant responded, "Yes. I thought I was under the assumption that I would receive 15 years. I would have never copped out."

The trial court responded that the sentence was consistent with what was discussed at the guilty plea proceeding, where defendant was told he could receive a sentence of up to 25 years' imprisonment. Defendant claimed that he was not at the guilty plea hearing, but he then agreed with the court that he was admonished that he could receive "up to 25 years."

¶ 8　　　　　On December 15, 2016, defendant filed a *pro se* "Late Notice of Appeal Withdraw of Guilty Plea Vacate Sentence." Defendant claimed that on June 24, 2016, the same day as the sentencing hearing, he asked his attorney to file a motion to withdraw the guilty plea. However, his attorney refused to do so. Defendant explained that his current motion was untimely due to his attorney's refusal and defendant's lack of access to the prison law library. Defendant sought to withdraw his guilty plea on the ground that he was not properly admonished by his attorney or the court that he "was receiving 23 years at 85%" and that he would not have pleaded guilty had he been properly admonished. Defendant attached a letter that he received from his attorney dated July 7, 2016. Defendant did not indicate when he received the letter, in which counsel stated:

> "I have reviewed my notes from the sentencing and looked for any basis for a Motion to Reconsider. Unfortunately, I cannot see any good faith basis for such a motion. Accordingly, I am informing you that I will not be filing a Motion to Reconsider.
>
> You may file your own Motion to reconsider or a Notice of Appeal which should be done as soon as possible if you choose to do so. You have 30 days from the Sentencing which was June 24, 2016. That means any motion or appeal must be filed by July 25, 2016."

¶ 9　　　　　On February 28, 2017, the trial court struck defendant's *pro se* motion on the ground that it was filed more than 30 days after sentencing and therefore the court was without

jurisdiction to consider it. The court struck the motion without prejudice for defendant "to otherwise file an appropriate postconviction pleading." Defendant filed a notice of appeal from the court's order on March 29, 2017. This court granted the Office of the State Appellate Defender's motion to dismiss defendant's appeal for failure to comply with Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016) and dismissed defendant's appeal.

¶ 10 On October 24, 2017, defendant filed a *pro se* postconviction petition alleging that he received ineffective assistance of trial counsel. First, defendant alleged that counsel failed to investigate defendant's competency or request a competency hearing. Second, counsel refused to file a "motion of reconsideration" after defendant agreed to a 25-year sentencing cap and received a 23-year sentence. Third, counsel gave "incorrect advice concerning application of sentencing guidelines." Specifically, counsel advised defendant that he " 'knew [the] prosecutor,' " who told counsel that defendant would receive no more than a 12-year sentence. Finally, defendant contended that counsel was ineffective for failing to present mitigating evidence at the sentencing hearing. Defendant again attached the July 7, 2016, letter from his trial counsel.

¶ 11 Defendant's petition was advanced to the second stage of postconviction proceedings and counsel was appointed to represent defendant. Appointed counsel filed an amended postconviction petition on defendant's behalf. The amended petition alleged ineffective assistance of trial counsel on two grounds: (1) trial counsel did not file a motion to reconsider the sentence, which would have been granted because the trial court did not properly consider defendant's mental health as a mitigating factor before imposing sentence and (2) counsel incorrectly advised defendant that he would receive a sentence no greater than 12 years' imprisonment, and defendant would not have pleaded guilty had he known he would receive a greater sentence.

¶ 12 The State filed a motion to dismiss defendant's petition. The State first argued that defendant's claims were contradicted by the record where: (1) defendant's previous attorney had defendant's mental health evaluated and he was found sane and fit to stand trial, (2) defendant acknowledged that he could receive a sentence of up to 30 years' imprisonment if he went to trial and was found guilty; (3) his allegation that counsel told him the most he would receive was 12 years' imprisonment was contradicted by defendant telling the court after sentencing that he thought he was going to receive no more than 15 years' imprisonment; and (4) defendant testified about his mental health conditions at the sentencing hearing. Second, the State argued that defendant failed to make a substantial showing that he was prejudiced when counsel allegedly told him that his sentence would be no more than 12 years' imprisonment. The State claimed that, even if not contradicted by the record, defendant was required to demonstrate that rejecting the plea offer and proceeding to trial would have been the rational thing to do. The State pointed out that there were at least seven witnesses to the stabbing, and therefore his likelihood of success at trial was small and accepting the plea offer was the rational thing to do. Third, the State argued that defendant failed to adequately allege his claim that counsel was ineffective for not filing a motion to reconsider his sentence. The State asserted that defendant's real complaint was that his sentence was too long, and that defendant had failed to allege any factor that was not considered by the court or that his sentence was otherwise unlawful.

¶ 13 Defendant filed a response to the State's motion, which withdrew his claims that counsel was ineffective for failing to investigate defendant's mental health, for advising defendant that his maximum potential sentence was 12 years' imprisonment, and for failing to present mitigating evidence during the sentencing hearing. The response continued to assert that trial counsel was ineffective for not filing a motion to reconsider his sentence based on the trial court's

failure to consider defendant's mental health conditions when determining the appropriate sentence. Following a hearing, the trial court dismissed defendant's petition "for those reasons referred to in the pleadings and/or oral argument."

¶ 14          This appeal followed.

¶ 15                              II. ANALYSIS

¶ 16          The Act provides a three-stage process for adjudicating petitions. *People v. Lesley*, 2018 IL 122100, ¶ 31. At the first stage, the circuit court may dismiss a petition if it determines, within 90 days, that the petition is frivolous or patently without merit. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). If not dismissed at the first stage, the petition advances to the second stage. *Id.*

¶ 17          At the second stage of proceedings, counsel may be appointed for defendant and may amend a *pro se* petition to ensure that defendant's claims are adequately presented. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). The State may then either file an answer or a motion to dismiss the petition. *Id.* To survive dismissal at the second stage, a petition and any accompanying documentation must make a substantial showing of a constitutional violation. *People v. Bailey*, 2017 IL 121450, ¶ 18. The defendant's claims must be liberally construed in light of the trial record, and all factual allegations not positively rebutted by the record are accepted as true. *People v. Hall*, 217 Ill. 2d 324, 334 (2005). "The question raised in an appeal from an order dismissing a postconviction petition at the second stage is whether the allegations in the petition, liberally construed in favor of the petitioner and taken as true, are sufficient to invoke relief under the Act." *People v. Sanders*, 2016 IL 118123, ¶ 31. In this case, the circuit court granted the State's motion to dismiss defendant's petition. We review that dismissal *de novo*. *Id.*

¶ 18                         A. Plea Counsel's Ineffectiveness

¶ 19    Defendant first contends that his petition was improperly dismissed because it made a substantial showing that his trial counsel was ineffective for not filing a motion to withdraw defendant's guilty plea. Defendant takes issue with trial counsel's statement in his letter to defendant that counsel would not be filing a motion to reconsider because there was no basis for such a motion, but that defendant could file his own motion to reconsider or a notice of appeal. Defendant claims that due to the nature of his guilty plea, a motion to reconsider sentence was not legally cognizable and defendant was instead required to file a motion to withdraw his guilty plea. Therefore, according to defendant, counsel's statements were erroneous and counsel's failure to file a motion to withdraw defendant's guilty plea constituted ineffective assistance. Defendant concludes that counsel's performance deprived him of his right to a direct appeal in which he could have argued that he should be allowed to withdraw his guilty plea "as it was not knowing and voluntary based on his attorney's incorrect advice and the effect his medications had on him."

¶ 20    We find that defendant has forfeited this contention because it was not included in his original or amended postconviction petitions and is being raised for the first time on appeal. Our supreme court has repeatedly held that any claim not raised in the original or amended postconviction petition is forfeited and may not be raised for the first time on appeal. *People v. Jones*, 213 Ill. 2d 498, 505 (2004); see also *People v. Davis*, 156 Ill. 2d 149, 158 (1993); *Pendleton*, 223 Ill. 2d at 475. As the supreme court has observed, "[t]he question raised in an appeal from an order dismissing a post-conviction petition is whether the allegations *in the petition*, liberally construed and taken as true, are sufficient to invoke relief under the Act." (Emphasis added.) *People v. Coleman*, 183 Ill. 2d 366, 388 (1998); see also 725 ILCS 5/122-3 (West 2016) ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is [forfeited].").

¶ 21       In his *pro se* petition, defendant only claimed that trial counsel was ineffective for not filing a "motion of reconsideration" after defendant pleaded guilty in exchange for a 25-year sentencing cap and was then sentenced to 23 years' imprisonment. Defendant asserted that the motion would have been granted and his sentence reduced because the court did not give proper weight to his mental health issues before imposing sentence. Defendant further claimed that counsel was ineffective for giving him improper advice as to the maximum sentence he would receive. Defendant reasserted these claims in his amended petition. However, nowhere in the original or amended petition did defendant claim that counsel was ineffective for not filing a motion to withdraw defendant's guilty plea. Neither petition mentioned a motion to withdraw defendant's guilty plea, alleged that defendant asked trial counsel to file such a motion, or asserted the grounds upon which counsel could have filed that motion.

¶ 22       Defendant nevertheless argues that, because a motion to reconsider sentence was not legally available to him, his *pro se* petition should be construed as a motion to withdraw his guilty plea. Defendant asserts that this construction is warranted given his *pro se* status and the liberal construction afforded to *pro se* postconviction petitions. However, defendant cites no authority that supports this proposition. See Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) (stating that the appellant's brief must contain "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"); *In re Addison R.*, 2013 IL App (2d) 121318, ¶ 31 (holding an argument raised on appeal that is not supported by citation to relevant authority is forfeited).

¶ 23       In arguing to the contrary, defendant relies only upon the general principle that allegations in a *pro se* postconviction petition are to be liberally construed. We are mindful of this principle, but we have already applied it and still conclude that neither the original nor the amended

petition contains an allegation that plea counsel should have filed a motion to withdraw defendant's guilty plea. In reaching this conclusion, we note that defendant's other contention on appeal is that postconviction counsel provided unreasonable assistance by not amending the *pro se* petition to include a claim that trial counsel was ineffective for not filing a motion to withdraw defendant's guilty plea. This contention implicitly acknowledges and is in fact based on the premise that neither the *pro se* nor the amended petition included this claim.

¶ 24　　　　We conclude that defendant has forfeited his claim that his petition made a substantial showing that trial counsel was ineffective for not filing a motion to withdraw defendant's guilty plea, and such a claim cannot be raised for the first time on appeal.

¶ 25　　　　　　　　　　B. Reasonable Assistance of Postconviction Counsel

¶ 26　　　　Defendant's next argument is, in essence, that the issue of plea counsel's ineffectiveness was not raised below only because his appointed postconviction counsel failed to raise it. This constitutes, defendant argues, a failure of postconviction counsel to provide him "reasonable assistance" by making necessary amendments to his *pro se* petition.

¶ 27　　　　There is no constitutional right to postconviction counsel. *People v. De La Paz*, 204 Ill. 2d 426, 440 (2003). Rather, the right to postconviction counsel is provided by the Act itself, and a defendant is entitled to reasonable assistance. *Id.*; see also 725 ILCS 5/122-4 (West 2016). To ensure the reasonable assistance required by the Act, Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) imposes specific duties on postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Rule 651(c) states, in pertinent part, that counsel may show substantial compliance with the rule by filing a certificate attesting that counsel:

> "has consulted with petitioner by phone, mail, electronic means or in person
>
> to ascertain his or her contentions of deprivation of constitutional rights, has

examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 28 Defendant's contention principally concerns the third duty imposed upon postconviction counsel by Rule 651(c), which requires counsel to "make any amendments to the *pro se* petition necessary for an adequate presentation of the petitioner's contentions." *Perkins*, 229 Ill. 2d at 42. "Fulfillment of the third obligation under Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf. If amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule." *People v. Greer*, 212 Ill. 2d 192, 205 (2004). Nonetheless, "the purpose of Rule 651(c) is to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court." *Perkins*, 229 Ill. 2d at 44. Therefore, "necessary" amendments under Rule 651(c) include "routine" amendments that overcome procedural bars that might otherwise defeat the claim. *People v. Turner*, 187 Ill. 2d 406, 414 (1999).

¶ 29 "Substantial compliance with Rule 651(c) is sufficient." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Postconviction counsel's filing of a Rule 651(c) certificate attesting that counsel has complied with the rule creates a rebuttable presumption that counsel has done so and substantially complied with the rule. *Id.* ¶ 19. It is then the defendant's burden to overcome this presumption by demonstrating that postconviction counsel failed to substantially comply with the duties imposed by Rule 651(c). *Id.*

¶ 30    In order to assess whether postconviction counsel gave reasonable assistance to defendant, it is necessary to understand what basis exists in the record to support the contention that plea counsel was unreasonable for failing to file a motion to withdraw defendant's guilty plea. There are two reasons suggested as to why defendant would have had a viable basis on which to withdraw his plea: (1) his mental health issues and (2) his understanding that he would only receive a 12- or 15-year sentence.

¶ 31    It has been held that, where there is a *bona fide* question concerning the defendant's fitness to stand trial, a fitness hearing should be conducted before a plea is entered. See, *e.g.*, *People v. Zelenak*, 2014 IL App (3d) 120639, ¶ 15. Here, however, a fitness hearing *was* held before defendant's plea was entered, and the result of that hearing was that defendant was found fit to stand trial. Defendant can point to no additional basis, factual or legal, to conclude that defendant's well-known mental health issues would have provided a basis for withdrawal of his guilty plea. Consequently, there is no basis on this record to conclude that defendant's plea counsel was ineffective for failing to file a motion to withdraw the plea on this basis.

¶ 32    The second issue that defendant posits as a basis for a motion to withdraw his guilty plea is his alleged misunderstanding of the sentence which he might have received. Here, again, the record is unfavorable to defendant's position. At the May 9, 2016, plea hearing, the trial court carefully and thoroughly explained the possible sentencing parameters. The 25-year cap was explicit at the outset and the court explained the statutory maximum sentence. The court also elicited defendant's acknowledgement that no one had made him any other promises to entice him into pleading guilty. Had defendant thought that there was an agreement that he would only receive either a 12- or 15-year sentence as a result of the plea deal, "defendant had an obligation to say so." *People v. Ferral-Mujica*, 2017 IL App (2d) 160240, ¶ 24.

¶ 33        Where, as here, a defendant is properly admonished about the sentencing range, simply stating a subjective mistaken impression is generally insufficient without objective proof. *Id.* ¶ 22. Allegations in a postconviction petition must appear of record or be supported by affidavit. *Coleman*, 183 Ill. 2d at 381. Here, the record does not support defendant's assertion that he was under a misapprehension about the possible sentencing range, as the judge thoroughly explained the sentencing range at the time of the plea and defendant expressed his understanding of both the sentencing range and the 25-year cap to which he agreed. See *Ferral-Mujica*, 2017 IL App (2d) 160240, ¶ 26 (holding a defendant cannot be rewarded for ignoring a trial court's admonishments and confirming the lack of a sentencing deal with State).

¶ 34        Examining defendant's verified *pro se* petition for facts outside the record, defendant asserts that plea counsel "advised defendant 'he knew prosecutor' and 'had been advised by prosecutor of no more than 12-year sentence by Judge.[']' ". At best, this allegation can be construed as an inaccurate prognostication by trial counsel about what sentence the judge might impose under the plea agreement. This type of "honest assessment of a defendant's case cannot be the basis for a finding of ineffectiveness." *People v. La Pointe*, 2015 IL App (2d) 130451, ¶ 87. A review of the record shows defendant's allegations of ineffective assistance of plea counsel are refuted by defendant's responses to the trial court's admonishments and questions at the guilty plea and sentencing hearing. See *People v. Ramirez*, 162 Ill. 2d 235, 240-43 (1994).

¶ 35        Consequently, both of the claims defendant complains should have been included in counsel's amended postconviction petition are the type of "frivolous or patently nonmeritorious" matters which postconviction counsel was not required to add to the amended postconviction petition. See *Greer*, 212 Ill. 2d at 205.

¶ 36                        III. CONCLUSION

¶ 37        For the reasons stated above, the trial court's dismissal of defendant's postconviction petition is affirmed.

¶ 38        Affirmed.