NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 220069-UB

NO. 4-22-0069

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 25, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County, |
| MAURICE ANTWAN McQUEEN, | ) | No. 15CF394 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Katherine S. Gorman, |
| | ) | Judge Presiding. |
| | ) | |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Cavanagh and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant did not receive reasonable assistance from postconviction counsel, so the dismissal of his postconviction petition is reversed.

¶ 2    Defendant Maurice Antwan McQueen appealed from the order of the circuit court of Peoria County granting the State's motion to dismiss his petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). Defendant argued that his *pro se* petition made a substantial showing that his trial counsel was ineffective for not filing a motion to withdraw his guilty plea; consequently, defendant argues, postconviction counsel's failure to assert that trial counsel was ineffective constituted a failure to provide reasonable assistance. This court found that pursuant to *People v. Greer*, 212 Ill. 2d 192, 205 (2004), any amendments to defendant's petition would only further a frivolous or patently nonmeritorious claim and were unnecessary. *People v. McQueen*, 2023 IL App (4th) 220069-U, ¶ 35.

¶ 3        Defendant sought review with our supreme court, and it issued a supervisory order directing this court to vacate our previous order. *People v. McQueen*, No. 129455 (Sept. 27, 2023) (supervisory order). The order directed that we consider the impact of the recently decided case of *People v. Addison*, 2023 IL 127119, to determine whether defendant received reasonable assistance from postconviction counsel. *People v. McQueen*, No. 129455 (Sept. 27, 2023) (supervisory order). Having vacated our previous order in this matter, we now revisit defendant's contentions in light of *Addison*. For the reasons that follow, we find that he received unreasonable assistance from postconviction counsel, reverse the circuit court's judgment, and remand for further proceedings.

¶ 4                                    I. BACKGROUND

¶ 5        Defendant was charged by information with attempted first degree murder (720 ILCS 5/9-1(a)(1) (West 2014)) and aggravated battery (*id.* § 2-3.05(a)(1)) based on allegations that he used a knife to repeatedly stab his ex-wife, Shaka McQueen. At an initial hearing, defendant's attorney requested an evaluation of defendant's mental health and fitness to stand trial. That evaluation concluded that there was no *bona fide* issue as to defendant's fitness to stand trial.

¶ 6        On May 9, 2016, defendant entered into a plea agreement in which he agreed to plead guilty to attempted first degree murder in exchange for the State recommending a sentencing cap of 25 years' imprisonment and dismissing the aggravated battery charge. Defendant's plea counsel announced the agreement to the trial court in defendant's presence, noting a "sentencing cap of *** 25 years D.O.C." During the plea proceedings, defendant confirmed the nature of the plea agreement with the State, that he was not under the influence of drugs or alcohol, and that he had discussed the guilty plea with his attorney. Defendant further confirmed his understanding of the rights he would be giving up if he pleaded guilty and that he could be sentenced to 6 to 30

years' imprisonment if he went to trial and was convicted of attempted first degree murder. The factual basis for the plea established that during an argument on June 12, 2015, defendant repeatedly stabbed his ex-wife with a knife in the shoulder, chest, and abdomen, and that there were seven to eight eyewitnesses to the attack. The court confirmed with defendant that no one had made any threats or promises to force him to plead guilty and that he had thought about the consequences of the guilty plea; defendant confirmed that it was still his desire to plead guilty. The court accepted defendant's guilty plea, finding that it was given knowingly and voluntarily. The case was then set for a sentencing hearing.

¶ 7        At the sentencing hearing held June 24, 2016, defendant's ex-wife testified to the circumstances surrounding the attack, including that defendant stabbed her eight times and that she also suffered a punctured lung and broken ribs. In mitigation, defendant testified to his various mental health issues and how they, along with being off his medication, contributed to his attack on the victim. After the evidence was presented, the State recommended a sentence of 25 years' imprisonment. Defense counsel argued that defendant had taken responsibility for his actions, which were mitigated by defendant's mental health issues and not being on medication. Counsel further argued that a 25-year sentence would not act as a deterrent to others and would only send a message that the mentally ill are not welcome "out on our streets." Counsel argued that a sentence of 15 years' imprisonment was appropriate given defendant's mental health issues.

¶ 8        Before imposing a sentence, the trial court stated that it had considered the presentence investigation report, the evidence and arguments presented by the parties, and the statement of allocution made by defendant. The court stated that it also considered the statutory factors in mitigation and aggravation, the history and character of defendant, and the nature of the offense. Based upon these factors, the court sentenced defendant to 23 years' imprisonment,

followed by a 3-year period of mandatory supervised release. The court noted that if defendant received all his "good time" credit, he would serve approximately 19 years in prison. The court then admonished defendant of his rights, including his right to appeal by filing a motion to withdraw his guilty plea within 30 days. The court explained that the motion must list all the reasons why defendant should be allowed to withdraw his guilty plea and that, if the motion was granted, the two charges against defendant would be reinstated and the case would be set for trial. Alternatively, if the motion was denied, defendant would have 30 days to file a notice of appeal. Finally, the court advised defendant that if he needed help with those motions, an attorney would be appointed. When asked if he had any questions for the court, defendant responded, "Yes. I thought I was under the assumption that I would receive 15 years. I would have never copped out." The court responded that the sentence was consistent with what was discussed at the guilty plea proceeding, where defendant was told he could receive a sentence of up to 25 years' imprisonment. Defendant claimed that he was not at the guilty plea hearing, but he then agreed with the court that he was admonished that he could receive up to "25 years."

¶ 9        On December 15, 2016, defendant filed a *pro se* "Late Notice of Appeal Withdraw of Guilty Plea Vacate Sentence." Defendant claimed that on June 24, 2016, the same day as the sentencing hearing, he asked his attorney to file a motion to withdraw the guilty plea. However, his attorney refused to do so. Defendant explained that his current motion was untimely due to his attorney's refusal and defendant's lack of access to the prison law library. Defendant sought to withdraw his guilty plea on the ground that he was not properly admonished by his attorney or the trial court that he "was receiving 23 years at 85%" and that he would not have pleaded guilty had he been properly admonished. Defendant attached a letter that he received from his attorney dated July 7, 2016. Defendant did not indicate when he received the letter, in which counsel stated:

"I have reviewed my notes from the sentencing and looked for any basis for a Motion to Reconsider. Unfortunately, I cannot see any good faith basis for such a motion. Accordingly, I am informing you that I will not be filing a Motion to Reconsider.

You may file your own Motion to reconsider or a Notice of Appeal which should be done as soon as possible if you choose to do so. You have 30 days from the Sentencing which was June 24, 2016. That means any motion or appeal must be filed by July 25, 2016."

¶ 10       On February 28, 2017, the trial court struck defendant's *pro se* motion on the ground that it was filed more than 30 days after sentencing and therefore the court was without jurisdiction to consider it. The court struck the motion without prejudice for defendant "to otherwise file an appropriate postconviction pleading." Defendant filed a notice of appeal from the court's order on March 29, 2017. This court granted the Office of the State Appellate Defender's motion to dismiss defendant's appeal for failure to comply with Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016) and dismissed defendant's appeal.

¶ 11       On October 24, 2017, defendant filed a *pro se* postconviction petition alleging that he received ineffective assistance of trial counsel. First, defendant alleged that counsel failed to investigate defendant's competency or request a competency hearing. Second, counsel refused to file a "motion of reconsideration" after defendant agreed to a 25-year sentencing cap and received a 23-year sentence. Third, counsel gave "incorrect advice concerning application of sentencing guidelines." Specifically, counsel advised defendant that he " 'knew [the] prosecutor,' " who told counsel that defendant would receive no more than a 12-year sentence. Finally, defendant

- 5 -

contended that counsel was ineffective for failing to present mitigating evidence at the sentencing hearing. Defendant again attached the July 7, 2016, letter from his trial counsel.

¶ 12    The circuit court advanced defendant's petition to the second stage of postconviction proceedings, and counsel was appointed to represent defendant. Appointed counsel filed an amended postconviction petition on defendant's behalf. The amended petition alleged ineffective assistance of trial counsel on two grounds: (1) trial counsel did not file a motion to reconsider the sentence, which would have been granted because the trial court did not properly consider defendant's mental health as a mitigating factor before imposing sentence and (2) counsel incorrectly advised defendant that he would receive a sentence no greater than 12 years' imprisonment, and defendant would not have pleaded guilty had he known he would receive a greater sentence.

¶ 13    The State filed a motion to dismiss defendant's petition. The State first argued that defendant's claims were contradicted by the record where: (1) defendant's previous attorney had defendant's mental health evaluated and he was found sane and fit to stand trial, (2) defendant acknowledged that he could receive a sentence of up to 30 years' imprisonment if he went to trial and was found guilty, (3) his allegation that counsel told him the most he would receive was 12 years' imprisonment was contradicted by defendant telling the trial court after sentencing that he thought he was going to receive no more than 15 years' imprisonment, and (4) defendant testified about his mental health conditions at the sentencing hearing. Second, the State argued that defendant failed to make a substantial showing that he was prejudiced when counsel allegedly told him that his sentence would be no more than 12 years' imprisonment. The State claimed that, even if not contradicted by the record, defendant was required to demonstrate that rejecting the plea offer and proceeding to trial would have been the rational thing to do. The State pointed out that

there were at least seven witnesses to the stabbing, and therefore his likelihood of success at trial was small and accepting the plea offer was the rational thing to do. Third, the State argued that defendant failed to adequately allege his claim that counsel was ineffective for not filing a motion to reconsider his sentence. The State asserted that defendant's real complaint was that his sentence was too long, and that defendant had failed to allege any factor that was not considered by the court or that his sentence was otherwise unlawful.

¶ 14        Defendant filed a response to the State's motion. The response withdrew defendant's claims that counsel was ineffective for failing to investigate defendant's mental health; for advising defendant that his maximum potential sentence was 12 years' imprisonment; and for failing to present mitigating evidence during the sentencing hearing. The response continued to assert that trial counsel was ineffective for not filing a motion to reconsider his sentence based on the trial court's failure to consider defendant's mental health conditions when determining the appropriate sentence. Following a hearing, the circuit court dismissed defendant's petition "for those reasons referred to in the pleadings and/or oral argument."

¶ 15        Defendant appealed the dismissal of his petition, arguing that his postconviction petition was improperly dismissed where it made a sufficient showing trial counsel was ineffective for failing to file a motion to withdraw his negotiated guilty plea. Further, even if his petition did not make a sufficient showing trial counsel was ineffective, he did not receive the reasonable assistance of postconviction counsel where his *pro se* petition was not amended to present legally cognizable claims.

¶ 16        We affirmed the trial court's dismissal of the postconviction petition. We found defendant's contention that plea counsel was ineffective for failing to file a motion to withdraw his negotiated guilty plea was forfeited, and that pursuant to *Greer*, 212 Ill. 2d at 205, any

amendments to defendant's petition would only further a frivolous or patently nonmeritorious claim and were unnecessary. *McQueen*, 2023 IL App (4th) 220069-U, ¶¶ 20, 35.

¶ 17 Defendant filed a petition for leave to appeal with our supreme court, and the court issued a supervisory order denying the petition and directing this court to vacate our previous order. *People v. McQueen*, No. 129455 (Sep. 27, 2023) (supervisory order). The order directed that we consider the impact of the recently decided case of *People v. Addison*, 2023 IL 127119, to determine whether defendant received reasonable assistance from postconviction counsel. *People v. McQueen*, No. 129455 (Sep. 27, 2023) (supervisory order). We allowed the parties to submit supplemental briefing to address the impact of *Addison*. Having vacated our previous order in this matter, we revisit the appeal.

¶ 18                                    II. ANALYSIS

¶ 19 Consistent with our previous order, we find that defendant forfeited his claim that plea counsel was ineffective for failing to file a motion to withdraw his guilty plea because he failed to raise the claim in the petition; this conclusion remains unchanged following the supervisory order. No interpretation of the amended petition could be read as asserting the claim that plea counsel was ineffective for failing to file a motion to withdraw. See *People v. Coleman*, 183 Ill. 2d 366, 388 (1998) ("The question raised in an appeal from an order dismissing a post-conviction petition is whether the allegations *in the petition*, liberally construed and taken as true, are sufficient to invoke relief under the Act." (Emphasis added.)); see also 725 ILCS 5/122-3 (West 2016) ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is [forfeited].").

¶ 20 However, defendant also argued—and the supreme court directed us to reconsider—that plea counsel's ineffectiveness was not properly raised by postconviction counsel

because when the petition was amended, his claims were not presented in a legally cognizable manner. This constitutes, defendant argues, a failure of postconviction counsel to provide him with "reasonable assistance" by making necessary amendments to his *pro se* petition.

¶ 21 The Act provides a three-stage process for adjudicating petitions. *People v. Lesley*, 2018 IL 122100, ¶ 31. At the first stage, the circuit court may dismiss a petition if it determines, within 90 days, that the petition is frivolous or patently without merit. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). If not dismissed at the first stage, the petition advances to the second stage. *Id.*

¶ 22 At the second stage of proceedings, counsel may be appointed for defendant. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). If appointed counsel does not withdraw, he or she must make the necessary amendments to the *pro se* petition to ensure that defendant's claims are adequately presented. *Addison*, 2023 IL 127119, ¶ 21. The State may then either file an answer or a motion to dismiss the petition. *Pendleton*, 223 Ill. 2d at 472. To survive dismissal at the second stage, a petition and any accompanying documentation must make a substantial showing of a constitutional violation. *People v. Bailey*, 2017 IL 121450, ¶ 18. The defendant's claims must be liberally construed in light of the trial record, and all factual allegations not positively rebutted by the record are accepted as true. *People v. Hall*, 217 Ill. 2d 324, 334 (2005). "The question raised in an appeal from an order dismissing a postconviction petition at the second stage is whether the allegations in the petition, liberally construed in favor of the petitioner and taken as true, are sufficient to invoke relief under the Act." *People v. Sanders*, 2016 IL 118123, ¶ 31. In this case, the circuit court granted the State's motion to dismiss defendant's petition. We review that dismissal *de novo*. *Id.*

¶ 23 There is no constitutional right to postconviction counsel. *People v. De La Paz*, 204 Ill. 2d 426, 440 (2003). Rather, the right to postconviction counsel is provided by the Act itself,

and a defendant is entitled to reasonable assistance. *Id.*; see also 725 ILCS 5/122-4 (West 2016). To ensure the reasonable assistance required by the Act, Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) imposes specific duties on postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Rule 651(c) states, in pertinent part, that counsel may show substantial compliance with the rule by filing a certificate attesting that counsel

> "has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 24        Defendant's contention principally concerns the third duty imposed upon postconviction counsel by Rule 651(c), which requires counsel to "make any amendments to the *pro se* petition necessary for an adequate presentation of the petitioner's contentions." *Perkins*, 229 Ill. 2d at 42. "[T]he purpose of Rule 651(c) is to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court." *Id.* at 44. Therefore, "necessary" amendments under Rule 651(c) include "routine" amendments that overcome procedural bars that might otherwise defeat the claim. *People v. Turner*, 187 Ill. 2d 406, 414 (1999).

¶ 25        "Substantial compliance with Rule 651(c) is sufficient." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Postconviction counsel's filing of a Rule 651(c) certificate attesting to compliance with the rule creates a rebuttable presumption that counsel has substantially complied.

*Id.* ¶ 19. It is then the defendant's burden to overcome this presumption by demonstrating that postconviction counsel failed to substantially comply with the duties imposed by Rule 651(c). *Id.*

¶ 26        In our prior order, we found that defendant was not entitled to relief because his underlying claim was frivolous and lacked merit. *McQueen*, 2023 IL App (4th) 220069-U, ¶ 35. In coming to this conclusion, we noted that postconviction counsel in this case had filed a valid Rule 651(c) certificate and defendant effectively suffered no prejudice from counsel's failure to amend the petition to include substantively meritless claims. We found that *Greer* supported this holding.

¶ 27        In *Addison*, a majority of our supreme court rejected this reasoning, reiterating that counsel was required to make "amendments that are necessary to overcome procedural bars." *Addison*, 2023 IL 127119, ¶ 21. The court distinguished *Greer*, finding that the petition in *Addison* was not advanced to the second stage by the mere passage of time, evidencing the circuit court's belief the gist of a claim was stated. Moreover, counsel in *Addison* reshaped the claims—albeit in a manner insufficient to overcome procedural bars—rather than seek to withdraw. *Id.* ¶ 26. The supreme court also rejected the State's argument that a showing of prejudice was required, stating that "when appointed counsel does not adequately fulfill his or her duties under Rule 651(c), a remand is required regardless of whether the petition's claims have merit." *Id.* ¶ 42 (citing *People v. Suarez*, 224 Ill. 2d 37, 47-49 (2007)).

¶ 28        Similar to *Addison*, defendant's petition here was advanced to the second stage not by the passage of time, but by the circuit court itself. Counsel did not move to withdraw, but instead amended the *pro se* petition. While counsel did not strip the amended petition of claims necessary to avoid any procedural bar, the amended petition did not present the claims in a manner sufficient to avoid procedural bar. Defendant in this case was sentenced pursuant to a negotiated plea

- 11 -

agreement. Pursuant to Rule 604(d) and *People v. Johnson*, 2019 IL 122956, defendant could not move for reconsideration of his sentence but instead had to withdraw his guilty plea. Due to the negotiated plea agreement, a failure to request the withdrawal of his plea is a procedural bar to arguing for reconsideration of his sentence.

¶ 29    The State argues against this conclusion, stating that pursuant to *People v. Payne*, 294 Ill. App. 3d 254 (1998), the amended petition's claim relating to a motion to reconsider the sentence was viable despite the negotiated nature of defendant's plea. In *Payne*, the defendant entered into a negotiated plea agreement where, in exchange for a plea of guilty, the State nol-prossed four charges and was prohibited from seeking the death penalty or life imprisonment. *Id.* at 256. The sentencing court imposed a 70-year sentence, which defendant moved to have reconsidered, arguing, among other things, the court failed to consider statutory factors in mitigation. *Id.* at 260. While the court in *Payne* noted that the requirements of 604(d) demanded that a defendant move to withdraw a negotiated guilty plea before challenging the sentence as excessive, the court went on to state that "where a defendant asserts in the trial court more than a general claim that his sentence is excessive, he is allowed to raise that issue by a motion to reconsider sentence." *Id*. at 258.

¶ 30    The State recognizes the tension between *Payne* and *Johnson* but claims the latter is distinguishable because it was focused on whether a motion to reconsider the sentence was viable in the negotiated plea context where a sentencing court was alleged to have considered improper aggravating factors, not the allegation the sentencing court failed to consider factors in mitigation. Given this factual difference, the State argues, *Payne* should prevail as precedential authority, as it has not been explicitly overruled, and the claim advanced by defendant was legally viable.

¶ 31        We are unable to agree with the State. The problem with the State's reliance on *Payne* is that, effectively, the argument accepted in that case—that there is a difference between an excessive sentence challenge and an improper sentence challenge—is the same issue the court resolved in *Johnson*; it found the different characterizations of the arguments to be "a distinction without a difference for purposes of Rule 604(d)." *Johnson*, 2019 IL 122956, ¶ 41. In coming to this conclusion, *Johnson* explicitly abrogated *People v. Palmer-Smith*, 2015 IL App (4th) 130451, which indulged in this distinction. In rejecting this argument, *Johnson* echoed the sentiment expressed in *People v. Rademacher*, 2016 IL App (3d) 130881, ¶ 58, that "[a]ny 'improper sentencing' argument is, by its very nature, an implicit argument that the sentence imposed was excessive."

¶ 32        In the wake of *Johnson*, the improper sentence argument in this context is no longer viable. Rather, only two scenarios appear to remain that lend themselves to a motion to reconsider a sentence without withdrawing a guilty plea after entering into a negotiated plea agreement: (1) where a defendant argues his sentence is not authorized by statute (see *People v. Williams*, 179 Ill. 2d 331 (1997)), or (2) where a defendant alleges the statute under which he received his sentence was facially unconstitutional or void *ab initio* (see *People v. Guevara*, 216 Ill. 2d 533 (2005)). *Johnson*, 2019 IL 122956, ¶¶ 35, 54. A motion to reconsider based on the failure to consider mitigating factors was not a legally cognizable claim in this case. Thus, postconviction counsel rendered unreasonable assistance by failing to amend defendant's claims to avoid a procedural bar.

¶ 33        Accordingly, we conclude that defendant has made a sufficient showing that postconviction counsel failed to comply with Rule 651(c), thereby rebutting counsel's filed

certificate. We reverse the circuit court's dismissal of defendant's petition and remand for further second-stage proceedings.

¶ 34                                    III. CONCLUSION

¶ 35            For the reasons stated above, the circuit court's dismissal of defendant's postconviction petition is reversed, and we remand for further proceedings.

¶ 36            Reversed and remanded.