NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230382-U

NO. 4-23-0382

IN THE APPELLATE COURT

FILED
July 2, 2024
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Knox County |
| HAZEL L. IVY, | ) | No. 21CF34 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Andrew J. Doyle, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Harris and Zenoff concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The record rebuts the facially compliant certificate filed by counsel pursuant to
Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2     Defendant Hazel L. Ivy appeals the circuit court's order denying her motion to
reconsider her sentence. On appeal, defendant argues that plea counsel failed to comply with
Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) where counsel filed a motion to reduce her
sentence without filing a motion to withdraw her guilty plea. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4     On January 25, 2021, defendant was charged with two counts of first degree murder
(720 ILCS 5/9-1(a)(1), (2) (West 2020)). The amended information alleged defendant strangled
and stabbed her daughter, W.B.

¶ 5    During defendant's plea hearing, the State informed the circuit court that, in exchange for defendant's plea of guilty but mentally ill to count I, it agreed to recommend a sentencing range of between 20 to 53 years in the Illinois Department of Corrections (DOC). The court admonished defendant that count I "carries with it a nonprobationable DOC term of 20 to 60 years. It is natural life eligible and carries with it a term of three years of [mandatory supervised release]." Defendant stated she understood the charge against her, the potential penalties, and the rights she was giving up. Defendant further stated no one had forced her to enter her guilty plea or made her any promises not included in the State's recitation of her partially negotiated plea agreement. After the State recited the factual basis, the court accepted defendant's plea, finding it was "knowingly, understandably, and voluntarily made."

¶ 6    During the September 29, 2022, sentencing hearing, the State presented witness testimony from a forensic pathologist, a sergeant with the Knox County Sheriff's Office, and a psychiatrist. After the presentation of evidence, the State requested the circuit court impose a 53-year prison sentence, and defense counsel requested a 20-year prison sentence. Defendant spoke in allocution. After argument from the parties, the court imposed a sentence of 53 years' imprisonment in DOC.

¶ 7    On October 27, 2022, defendant, through counsel, filed a motion to reconsider her sentence. In her motion, defendant alleged the circuit court erred in not finding certain factors in mitigation. Defendant requested that the court "set aside its sentence entered on September 29, 2022 and reset this matter for resentencing." Defendant's counsel subsequently filed a Rule 604(d) certificate on April 28, 2023.

¶ 8    On April 10, 2023, the circuit court conducted a hearing on defendant's motion to reconsider. At the outset, defense counsel indicated, "We are not moving to vacate our guilty plea,

but we are seeking to just reconsider *** the sentence itself at this point in time." After argument from the parties, the court denied defendant's motion to reconsider.

¶ 9		This appeal followed.

¶ 10						II. ANALYSIS

¶ 11		On appeal, defendant argues, by filing a motion to reconsider her sentence, rather than a motion to withdraw her guilty plea, plea counsel "failed to comply with Illinois Supreme Court Rule 604(d) [(eff. July 1, 2017)]." The State asserts defense counsel's Rule 604(d) certificate is facially compliant, and because defendant failed to file a motion to withdraw her guilty plea, her right to appeal is forfeited.

¶ 12		Rule 604(d) governs the procedure criminal defendants must follow when challenging a judgment entered upon a plea of guilty. The rule provides, in relevant part, the following:

"No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 13		"The filing of a Rule 604(d) motion is a condition precedent to an appeal from a judgment on a plea of guilty." *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003). Although a

- 3 -

defendant's failure to file a Rule 604(d) motion "does not deprive the appellate court of jurisdiction over a subsequent appeal," generally, "the failure to file a *** Rule 604(d) motion precludes the appellate court from considering the appeal on the merits" and requires the appellate court to dismiss the appeal. *Flowers*, 208 Ill. 2d at 301. "By agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it is excessive." *People v. Linder*, 186 Ill. 2d 67, 74 (1999). As our supreme court has explained, where the sentence imposed by the circuit court is within the cap agreed upon by the parties, "allowing the defendant to seek reconsideration of his sentence without also moving to withdraw his guilty plea unfairly binds the State to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms." *Linder*, 186 Ill. 2d at 74. In other words, following a court's acceptance of a negotiated guilty plea resulting in a sentencing concession by the State, a defendant must move to withdraw the guilty plea, even if only to challenge the sentence imposed. *People v. Evans*, 174 Ill. 2d 320, 332 (1996); but see *People v. Robinson*, 2021 IL App (4th) 200515, ¶¶ 12-19 (noting a motion to reconsider the sentence in the context of a negotiated plea without a sentencing concession by the State remains legally viable).

¶ 14        Rule 604(d) requires a certification that counsel has: (1) "consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;" (2) "examined the [circuit] court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and" (3) "made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings." Ill. S. Ct. Art. VI Forms Appendix (eff. July 1,

2017). Strict compliance with each of the three provisions is required. *People v. Lindsay*, 239 Ill. 2d 522, 529 (2011). Our supreme court has stated that the purpose of the rule

> "is to ensure that any errors that may have resulted in a guilty plea and subsequent sentence are brought to the attention of the circuit court before appeal, while memories are fresh and witnesses are available. The certification requirement furthers this purpose by enabling the circuit court to 'ensure that counsel has reviewed the defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence.' (Emphasis in original.) [*People v. Tousignant*, 2014 IL 115329, ¶ 16]. ' "The attorney certificate thereby encourages the preservation of a clear record, both in the trial court and on appeal, of the reasons why a defendant is moving to withdraw his plea or to reduce sentence." ' [*In re*] *H.L.*, 2015 IL 118529, ¶ 10 (citing *People v. Shirley*, 181 Ill. 2d 359, 361 (1998))." *People v. Gorss*, 2022 IL 126464, ¶ 15.

¶ 15    This court generally considers the certificate itself to evaluate compliance with Rule 604(d); however, the certificate may be rebutted by the record. *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 37. Whether counsel complied with Rule 604(d) is a legal question that we review *de novo*. *Gorss*, 2022 IL 126464, ¶ 10.

¶ 16    Here, defendant entered a negotiated guilty plea in which she pleaded guilty but mentally ill, and in exchange, the State agreed to recommend a sentencing cap of 53 years. This operates to preclude a motion from defendant directed against the sentence alone. Defendant asserts her counsel did not comply with the requirements of Rule 604(d) where counsel failed to file a motion to withdraw the guilty plea and instead filed a motion to reconsider the sentence. Counsel submitted the form certificate provided by the Illinois Supreme Court and indicated he

had (1) consulted with defendant to ascertain her contention of error in her guilty plea and sentence, (2) examined the "[circuit] court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing," and (3) "made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings." While the certificate is facially compliant, we look to the record to determine whether it rebuts counsel's strict compliance with the rule.

¶ 17　　　　The incongruity between the certificate filed and the record stems from the nature of the motion counsel filed. Recently, in *People v. McQueen*, 2024 IL App (4th) 220069-UB, ¶ 32, we found that

> "only two scenarios appear to remain that lend themselves to a motion to reconsider a sentence without withdrawing a guilty plea after entering into a negotiated plea agreement: (1) where a defendant argues his sentence is not authorized by statute (see *People v. Williams*, 179 Ill. 2d 331 (1997)), or (2) where a defendant alleges the statute under which he received his sentence was facially unconstitutional or void *ab initio* (see *People v. Guevara*, 216 Ill. 2d 533 (2005))." (citing *People v. Johnson*, 2019 IL 122956, ¶¶ 35, 54).

Similarly in this case, a motion to reconsider the sentence was not a legally cognizable pleading due to the nature of the negotiated plea. The question still remains, does the filing of the motion to reconsider violate the third responsibility of counsel under Rule 604(d)?

¶ 18　　　　A useful corollary in this context is Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), which states, in pertinent part, that postconviction counsel can show the defendant received reasonable assistance of counsel as guaranteed by the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)) by filing a certificate attesting that counsel has (1) "consulted

with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights", (2) "examined the record of the proceedings at the trial, and" (3) "made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). The third requirement of counsel under Rules 604(d) and 651(c) that counsel make any amendments necessary for an adequate presentation of claims of error are effectively the same. Our supreme court has found that the necessary amendments required under Rule 651(c) include amendments that would overcome procedural bars that otherwise defeat the contention of error. *People v. Turner*, 187 Ill. 2d 406, 414 (1999); see *People v. Addison*, 2023 IL 127119, ¶ 21.

¶ 19        It is also important to note that in the postconviction context, a defendant is only entitled to the reasonable assistance of counsel (*People v. De La Paz*, 204 Ill. 2d 426, 440 (2003)), and substantial compliance with Rule 651(c) is all that is required (*People v. Profit*, 2012 IL App (1st) 101307, ¶ 18). Under Rule 604(d), the bar is much higher, as a defendant still enjoys the constitutional guarantee of effective counsel as evaluated under the *Strickland* standard (*Strickland v. Washington*, 466 U.S. 668 (1984)), and strict compliance with Rule 604(d) is mandatory (*Lindsay*, 239 Ill. 2d at 529).

¶ 20        In light of the foregoing, the filing of a legally void motion challenging defendant's sentence in this case rebuts the facially compliant Rule 604(d) certificate. The motion filed by counsel did not adequately present the contentions of error in a manner that would overcome a procedural challenge in the circuit court, nor did it preserve any of the contentions of error for appeal. We find this interpretation comports with the purpose of Rule 604(d) "that any errors that may have resulted in a guilty plea and subsequent sentence are brought to the attention of the circuit court before appeal." See *Gorss*, 2022 IL 126464, ¶ 15.

¶ 21 Before concluding this matter, we note that the State also points to the record and argues that the filing of the legally deficient motion was at the request of defendant. The State seizes on defense counsel's use of the word "we" at the hearing on the motion to reconsider the sentence as proof defendant did not seek to vacate the guilty plea. However, the simple use of the word "we" when explaining why the motion was filed does not diminish the responsibilities placed on counsel by Rule 604(d), nor does it allow counsel to file incognizable motions at defendant's request.

¶ 22 Accordingly, the record rebuts plea counsel's Rule 604(d) certificate, and the matter must be reversed and remanded (see *Lindsay*, 239 Ill. 2d at 530).

¶ 23 III. CONCLUSION

¶ 24 For the reasons stated, we reverse the circuit court's judgment and remand for further proceedings.

¶ 25 Reversed and remanded.