NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240039-U

NO. 4-24-0039

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 18, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| KENNETH RAYNARD McNAIRY, | ) | No. 22CF475 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court remanded for new postplea proceedings because the trial
court's postplea admonishments did not comply with Illinois Supreme Court Rule
605 (eff. Sept. 18, 2023).

¶ 2    In August 2023, defendant, Kenneth Raynard McNairy, pleaded guilty to one

count of possession with intent to deliver a controlled substance of more than 1 gram but less

than 15 grams containing cocaine, a Class 1 felony. See 720 ILCS 570/401(c)(2) (West 2022). In

October 2023, the trial court sentenced him to, *inter alia*, seven years' imprisonment in the

Illinois Department of Corrections (DOC). Defendant appeals, arguing the court failed to

properly admonish him under Illinois Supreme Court Rule 605 (eff. Sept. 18, 2023).

¶ 3                              I. BACKGROUND

¶ 4    On May 14, 2022, defendant was indicted on two counts of unlawful possession

of a controlled substance with intent to deliver (720 ILCS 570/401(a)(2)(A), 401(c)(2) (West 2022)) and two counts of unlawful possession of a controlled substance (720 ILCS 570/402(a)(2), 402(c) (West 2022)). Defendant entered into a plea agreement, whereby he agreed to plead guilty to one count of possession with intent to deliver as a Class 1 felony (720 ILCS 570/401(c)(2) (West 2022)), and the State agreed to drop the remaining charges.

¶ 5 During the plea hearing on August 21, 2023, the parties tendered a written plea agreement to the trial court. The written agreement indicated it was an "open/blind plea," with an agreed $75 discretionary fine and $500 street value fine. The court advised "there is no agreement as to what sentence would be imposed in this case other than a $75 discretionary fine, and a $500 street value fine would be imposed." The court told defendant the other terms of his sentence would be determined at a sentencing hearing, and the court explained it would "impose a sentence somewhere within the statutory guidelines for this offense." Defendant stated he understood. The court read the charge and possible penalties, clarifying defendant was not eligible for extended term sentencing. Defendant asserted he understood the possible sentencing range.

¶ 6 During the sentencing hearing on October 23, 2023, the trial court reiterated "the defendant had entered in essence a blind plea on August 21st. The only agreed portion of that disposition is a $75 discretionary fine, [and] a $500 street value fine." The court imposed a seven-year sentence in DOC and admonished defendant thusly:

> "You now have a right to appeal the judgment of conviction, but only if a Notice of Appeal is filed in the trial court within 30 days from today's date. If you desire to challenge any part of the sentence or the sentencing hearing you must file prior to an appeal a motion to reconsider the sentence or any challenge to the

sentencing hearing within 30 days of today's date. The motion must be in writing and must set forth all of the issues or claims of error about the sentence or the sentencing hearing."

¶ 7 The trial court advised defendant of his right to free hearing transcripts and counsel, if he could not afford them, and concluded:

"If the motion to reconsider sentence is denied and you still desire to appeal, you must request the clerk to file a Notice of Appeal within 30 days of the date that the motion to reconsider was denied, that being today. Any issue or claim of error about the sentence imposed or about any part of the sentencing hearing that you fail to raise in the written motion will not be considered by the Appellate Court."

The court asked defendant, "Do you understand what I have just said?" Defendant answered, "Yes, Sir."

¶ 8 Defendant filed a timely motion to reconsider his sentence, arguing only "the sentence imposed by the trial court was excessive." The court denied the motion.

¶ 9 This appeal followed.

¶ 10 II. ANALYSIS

¶ 11 Defendant argues the trial court erred by failing to properly admonish him of his need to file a motion to withdraw his guilty plea if he wished to challenge his conviction, thereby violating Rule 605. See Ill. S. Ct. R. 605 (eff. Sept. 18, 2023). Defendant contends the court's admonishments were defective under either Rule 605(b), which governs "open" or "blind" pleas, or Rule 605(c), which governs negotiated pleas. See Ill. S. Ct. R. 605(b), (c) (eff. Sept. 18, 2023). The State insists we lack jurisdiction if defendant entered a negotiated plea because defendant failed to file a motion to withdraw or vacate his guilty plea or notice of appeal within 30 days of

- 3 -

sentencing pursuant to Illinois Supreme Court Rule 604(d) (eff. Oct. 19, 2023).

¶ 12　　　　The record shows defendant entered an "open/blind plea" wherein the State would dismiss the remaining counts and he would pay a $75 discretionary fine and a $500 street value fine, but there were no agreed terms or restrictions regarding any sentence to be imposed. The trial court emphasized "there [was] no agreement as to what sentence would be imposed in this case," other than the agreed upon fines, and it would impose a sentence somewhere within the statutory guidelines. Defendant acknowledged this was his understanding, and he further acknowledged he understood the range of sentences for the charged offense. The court imposed a seven-year sentence, along with the agreed fines.

¶ 13　　　　After imposing sentence, the trial court admonished defendant regarding his right to appeal his conviction, the deadlines to file a notice of appeal and any motion challenging his sentence, and the requirements for such motions. The court informed defendant of his right to free transcripts and counsel if he was indigent. Finally, the court advised defendant that "[a]ny issue or claim of error about the sentence imposed or about any part of the sentencing hearing that you fail to raise in the written motion will not be considered by the Appellate Court." The court neglected to mention defendant would need to move to withdraw his guilty plea, as required under both Rule 605(b)(2) and Rule 605(c)(2). See Ill. S. Ct. R. 605(b)(2), (c)(2) (eff. Sept. 18, 2023).

¶ 14　　　　Our supreme court contemplated such situations in *People v. Flowers*, 208 Ill. 2d 291, 301 (2003):

> "Dismissal of an appeal based on a defendant's failure to file the requisite
>
> motions in the trial court would violate due process if the defendant did not know
>
> that filing such motions was necessary. [Citation]. Accordingly, [Rule 605]

- 4 -

mandates that the trial court advise defendants, at the time sentence is imposed, of the procedural steps Rule 604(d) requires them to take in order to appeal. If the trial court fails to give the admonishments set forth in Rule 605 and the defendant subsequently attempts to appeal without first filing the motions required by Rule 604(d), the appeal is not dismissed. Instead, the appropriate course is to remand the cause to the trial court for strict compliance with Rule 604(d)."

¶ 15　"A defendant's failure to comply with the rule does not deprive us of jurisdiction." *People v. Robinson*, 2021 IL App (4th) 200515, ¶ 11. "Even though the defendant filed the wrong motion under Rule 604(d), it was a timely motion directed against the judgment and tolled the time for appeal under Rule 606(b)." *People v. Kibbons*, 2016 IL App (3d) 150090, ¶ 12. The failure to file the proper 604(d) motion does not remove jurisdiction from the reviewing court; it simply precludes the court from considering the appeal. *People v. Crump*, 344 Ill. App. 3d 558, 562 (2003).

¶ 16　We have jurisdiction because defendant filed a timely posttrial motion, although not the appropriate one. As a result, the nature of defendant's plea is irrelevant to the outcome. Regardless of whether defendant's plea was negotiated, he was still entitled to proper admonishments under either Rule 605(b) or Rule 605(c), both of which include a reference to defendant's opportunity to file a motion to withdraw the plea—an option missing from the trial court's admonishments entirely.

¶ 17　The State generously calls this "substantial compliance," apparently content with the idea "substantial" means most of the words contained in the Rule. However, "substantial compliance" means the trial court must substantially advise a defendant of what he must do to preserve his right to appeal his guilty plea or sentence. See *People* v. *Dominguez*, 2012 IL

111336, ¶ 22 ("[T]he court must 'substantially' advise a defendant under Rule 605(c) in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence."). Where, as here, the court fails to admonish defendant of one of two options he may have to perfect his right to direct appeal, we cannot say he was substantially advised. We remand the matter for proper postplea admonishments and the opportunity to file new postplea motions. See *People v. Young*, 387 Ill. App. 3d 1126, 1129 (2009).

¶ 18                                    III. CONCLUSION

¶ 19            For the foregoing reasons, we remand for new postplea proceedings in strict compliance with Rule 604(d) and Rule 605, including proper admonishments under Rule 605, the opportunity to file new postplea motions, and a new hearing on any such motions.

¶ 20            Remanded with directions.