2025 IL App (4th) 240738
NO. 4-24-0738

FILED
August 26, 2025
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Knox County |
| TRAVIS TRYNELL WILLIAMS, | ) | No. 21CF547 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Andrew J. Doyle, |
| | ) | Judge Presiding. |

---

JUSTICE LANNERD delivered the judgment of the court, with opinion.
Justices Steigmann and Cavanagh concurred in the judgment and opinion.

**OPINION**

¶ 1 In September 2023, defendant, Travis Trynell Williams, pleaded guilty to aggravated driving under the influence (DUI) (625 ILCS 5/11-501(a)(1), (d)(1)(f) (West 2020)) based on his act of driving under the influence of alcohol that resulted in the death of another person. As part of the plea negotiations, the State dismissed other charges and agreed not to seek an extended term of up to 28 years' incarceration. However, it is undisputed on appeal that defendant was not eligible for the 28-year extended term.

¶ 2 The trial court sentenced defendant to 12 years' imprisonment. Following sentencing, defense counsel filed a motion to reconsider sentence, alleging the court improperly considered the victim's death in aggravation and improperly considered the existence of the 28-year extended term as a sentencing factor. The court denied the motion.

¶ 3 On appeal, defendant contends the trial court erred in denying his motion to

reconsider sentence. The State argues in part that defendant's claim is barred on appeal because he failed to file a motion to withdraw the negotiated plea. Defendant responds that the State's mistaken belief it could seek an extended term of up to 28 years converted the negotiated plea into an open plea because the State did not make a valid sentence concession. Thus, defendant asserts, he was able to challenge the plea via a motion to reconsider sentence instead of a motion to withdraw the plea. In the alternative, defendant maintains that, if he was required to file a motion to withdraw the plea, defense counsel failed to strictly comply with the certificate requirement of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) by filing the wrong type of motion to challenge the sentence.

¶ 4        We hold the effect of the mistake as to eligibility for an extended term did not convert the negotiated plea into an open plea. Accordingly, defendant entered a negotiated plea, which required him to file a motion to withdraw his plea to challenge his sentence. However, we agree that, by filing the wrong motion, counsel failed to strictly comply with Rule 604(d). Accordingly, we reverse and remand for defendant to file a new postplea motion to withdraw his plea should he wish to do so and for strict compliance with Rule 604(d).

¶ 5                                            I. BACKGROUND

¶ 6        In November 2021, the State charged defendant with aggravated DUI and reckless homicide (720 ILCS 5/9-3(a) (West 2020)) in connection with defendant's act of driving under the influence of alcohol that caused the death of Kenneth Yeater. The initial DUI charge alleged only that defendant drove under the influence of alcohol (625 ILCS 5/11-501(a)(2) (West 2020)). Additionally, the charging instrument listed possible penalties of "3 To 7 Years, 7-14 Extended Term, 2 Years [Mandatory Supervised Release (MSR)] (Probation Up To 48 Months)." It then cited a statutory section pertaining to a sentencing range of 3 to 14 years when the DUI resulted in

- 2 -

the death of one person and 6 to 28 years when the DUI resulted in the death of two or more people. 625 ILCS 5/11-501(d)(2)(G) (West 2020).

¶ 7 In June 2022, the State filed a notice of intent to seek an extended term under another statutory provision based on defendant's previous conviction for robbery, a Class 2 felony. The State cited a statutory section allowing the trial court to consider an extended term when a defendant is convicted of any felony after having been previously convicted of the same or similar class felony or greater class felony within 10 years. 730 ILCS 5/5-5-3.2(b)(1) (West 2022). The State did not list the number of years sought, but the applicable statutory provisions provide for an extended term of 7 to 14 years' imprisonment. *Id.* § 5-4.5-35(a).

¶ 8 In September 2023, the State filed a first amended information and then filed a second amended information. The second amended information added a second charge of aggravated DUI based on the death of one person but alleged defendant drove when the alcohol concentration of his blood, other bodily substance, or breath was 0.08 grams or more (625 ILCS 5/510(a)(1) (West 2020)). It also changed the listed possible penalties in both DUI counts. In each count, the information stated, "3 to 14 years, up to 28 years Extended Term, 2 Years [MSR] (Probation Up to 48 Months)." On appeal, the State does not dispute that defendant was not eligible for a term of up to 28 years under the DUI statute.

¶ 9 On September 15, 2023, defendant pleaded guilty to one count of aggravated DUI. At the guilty-plea hearing, the State told the trial court it amended the information to add the second DUI count and also stated the difference between the second amended information and the first information was the first information had the incorrect prison sentence listed. The State advised "it's 3 to 14, not 3 to 7."

¶ 10 At the same hearing, defense counsel told the trial court,

"Your Honor, it's my understanding we're doing what I'll call a partial [Illinois Supreme Court Rule] 402(d) [(eff. July 1, 2012)] plea. We'll do it that way. We're pleading to the [aggravated] DUI. It's an open plea. It would be—a [presentence investigation report (PSI)] would be ordered. We'd set it for sentencing probably at this point maybe in early December, something of that nature, to give time to do that. As part of that, the reckless homicide would be dismissed, the misdemeanor DUI would be—all the rest of the counts in there would be dismissed, and that would take care of that aspect of it. *** [A]s it relates to the open plea to the [aggravated] DUI, the State will not ask for—nor the Court—will the Court deal with extended term. So we're taking extended term as part of that off the table. So the sentencing range would be the 3 to 14."

¶ 11    When ascertaining whether defendant's guilty plea was knowing and voluntary, the trial court referred to the matter as a "partial agreement." The State gave a factual basis that showed defendant drove with a blood-alcohol level of 0.143 and was in a collision that resulted in the death of one person. The State also told the court,

"Judge, I just want the record to reflect that it's clear on the record that the defendant understands that by pleading guilty here today, he is subject to the possible 3 to 14 years in the Illinois Department of Corrections and that that sentence must be served in the amount of 85 percent."

Defense counsel said he had talked to defendant about that and defendant understood.

¶ 12    At the beginning of the sentencing hearing, the following colloquy occurred,

"THE COURT: We're set today for a sentencing hearing, and if my recollection is correct, we did have a [Rule] 402 conference in this matter, is that

right, or some type of—

[DEFENSE COUNSEL]: We *** had some discussion—

THE COURT: discussion?

[DEFENSE COUNSEL]:—[Y]our Honor, yes. We're going on the aggravated DUI, which is Count I. It's—with extended term it's 3 to 14—it's 3 to 14 years, but I guess the issue was we were not doing the extended term, and that was what my understanding was.

[STATE'S ATTORNEY]: That's right. So it's just 3 to 14.

[DEFENSE COUNSEL]: Well, it shows here on this the extended term— oh, that was the amended shows to 28—

[STATE'S ATTORNEY]: Right.

[DEFENSE COUNSEL]:—is the Amended Information shows 3 to 14, extended term goes to 28. And we removed the Court's—the Court agreed to remove its ability to do the extended term on the Amended Information, which shows the *** 14 to 28 or 15 to 28. I guess that's the—

THE COURT: So, just make sure we're on the same page then, by agreement of the parties the sentencing range is 3 to 14 years in the Department of Corrections with one year MSR. Is that what—everybody on the same page as far as that goes?

[DEFENSE COUNSEL]: Yes.

[STATE'S ATTORNEY]: Yes, Judge, and that would be served at 85 percent.

THE COURT: And, again, [defense counsel], *** that's your understanding

- 5 -

as well?

[DEFENSE COUNSEL]: That's my understanding."

¶ 13 The PSI showed defendant had previously been charged with another DUI and served court supervision. He had six prior felony convictions. In particular, defendant was previously convicted of manufacture or delivery of cocaine in 2004, possession of a firearm in 2007, possession of cocaine base with intent to distribute 2012, and robbery and aggravated battery in a public place in 2016. In each case, defendant served time in prison.

¶ 14 The State presented a traffic crash reconstruction report showing defendant was traveling westbound in an eastbound lane of Interstate 74 at around 59 to 74 miles per hour when he collided with Yeater's vehicle, resulting in Yeater's death. Defendant's blood-alcohol content was 0.143 grams. Defendant had a current insurance policy at the time.

¶ 15 The State also provided evidence of the impact Yeater's death had on his family. In particular, Yeater's wife testified he had become a father to her autistic son, and they also had a son who was 18 months old at the time of Yeater's death. Yeater's father also testified. Various additional written victim impact statements from other people, including friends, were presented to the trial court.

¶ 16 Defendant testified he was driving while talking to his girlfriend when the collision occurred. Defendant acknowledged he had been drinking. He stated he was accepting responsibility for the crash and apologized to Yeater's family.

¶ 17 Defendant also acknowledged his past criminal history and that he was on federal release at the time of the collision. However, defendant testified, since his last felony conviction in 2016, he had changed his life. Moreover, defendant had been employed since his release from prison. Defendant resided with and provided support for his ex-wife's adult daughter, who he said

was like a biological daughter to him. He also had a close relationship with his biological adult son and other family members. Additionally, defendant had earned his GED and hoped to start a business. Defendant gave a statement in allocution and apologized again to Yeater's family.

¶ 18　　　　In aggravation, the State argued defendant's conduct caused serious harm, stating, "I mean that is obvious here." The State also focused on defendant's criminal history and that he previously committed new offenses shortly after being released from prison. The State further noted defendant was on parole at the time of the collision. The State argued there were no mitigating factors. The State sought a 14-year prison term, telling the trial court,

> "Now, I say that to you and I understand that it's the maximum that we can *** ask of you under this agreement that we've reached, and I say that knowing full well that no amount of years that you will give will bring *** this man back to us, the victim who died here. No amount of time—no amount of time will bring him back, but we know, though, that during the period of time in which you sentence the defendant to prison, during that period of time no other individual will be harmed by the defendant's behavior; that during that period of time, he won't rob anyone or he won't be carrying guns or that he won't be distributing poison into our communities and that he won't be driving under the influence of alcohol, something he didn't learn from the first time he committed the offense. And because he didn't learn that lesson from his behavior, he killed a man in his prime *** a husband, a father, a grandson. Fourteen years, Judge."

¶ 19　　　　The defense sought five years in prison, noting this recommendation was above the minimum for the offense. Defense counsel emphasized defendant's criminal activity stopped in 2016, he was employed, and he provided support for his family. Counsel argued defendant did not

set out to harm anyone and argued the offense was unlikely to recur. Counsel also noted defendant had insurance, which increased the possibility Yeater's family would be compensated. Defense counsel also told the trial court,

> "Discussing the *** aggravating factors that [the State] argues as well—and I think [the prosecutor] is in error when he argues that—he states that an aggravating factor is that the defendant's conduct caused or threatened serious harm, and that is not a factor that this Court can take into consideration. It's axiomatic obviously, and I believe this Court is obviously aware that you cannot take into consideration an aggravating factor when that factor is already taken into consideration as part of the criminal offense. So the criminal offense of aggravated DUI in driving under the influence and having the death of a person, that aggravating factor of having a death of a person cannot be considered an aggravating factor in this [incident] because the legislature has already taken that into consideration with the penalty of 3 to 14 years."

¶ 20    In response, the State told the trial court,

> "Judge, the fact—the argument that the defendant did not *** contemplate that his criminal conduct would cause or threaten serious physical harm to another is just bunk. He went to classes on this very issue. He knew that if he went into a car drunk, that he could kill somebody, and he did. This is exactly what we're trying to prevent with this type of statute, Judge.
>
> Judge, the defendant's criminal conduct was a result of criminal circumstances unlikely to recur. No. This has occurred before. He's been under the influence and driving before. Luckily, he didn't kill anybody then."

Addressing defendant's previous offenses, the State also said,

> "He has committed crime after crime after crime throughout his entire adult life. Now, yes, he didn't have a gun this time and, yes, he didn't have drugs at this time, but he ingested alcohol, a drug, and he made his car a bullet that killed the victim— killed this man in this case, Judge."

The State again argued defendant "killed a husband, a father, a grandson."

¶ 21 The trial court stated it took into account defendant's argument that it was not his intent to cause harm. The court also believed defendant was sincere and remorseful. The court then stated,

> "Looking, though, at what *** the aggravating factors, I do find obviously that there was a death that occurred here, and there's never an age when it's more appropriate than others, but this was a young man with a very young family that had a lot of time ahead of him to be able to spend with that family, and having that life cut short I gleaned just from the victim impact statements that were given by the family that it caused a great deal of hurt, not just to the two statements that I heard today—the grandfather's and the spouse's—but also to other family members and members of the community that this man touched, and to see anybody's life cut short is upsetting to the community as well as to this Court."

¶ 22 The trial court then stated "So, it all comes down to what's a number going to be." The court further stated,

> "I think that to get to this point, there was a concession made that the State would not be seeking an extended-term sentence here, which could have been up to that 28 years, and to an extent I'm factoring that in in giving my ultimate ruling, but the

defendant *** does have significant criminal history, has been sentenced to [prison] in state and federal court."

The court sentenced defendant to a term of 12 years' imprisonment and admonished defendant he had 30 days to file a motion to withdraw the guilty plea to perfect his right to appeal.

¶ 23    Thereafter, defendant filed a *pro se* motion asking that an appeal be filed on his behalf. Meanwhile, defense counsel filed a motion to reconsider the sentence. In the motion, counsel alleged, "The Court erred in sentencing [defendant] in this matter as the Court failed to find proper mitigating and aggravating factors in [defendant's] sentencing and the sentence is not proper in consideration of the offense for which [defendant] plead[ed] guilty." Defense counsel submitted a Rule 604(d) certificate, averring in part that he made any necessary changes to the motion to adequately present any defects in the entry of the guilty plea and sentencing.

¶ 24    At the hearing on the motion to reconsider sentence, defense counsel advised the trial court,

> "As the Court is aware in this case, the sentence range was 3 to 14 years. That was done by an agreement between counsel. You'll note that in the transcript there was a discussion by the Court about a possible extended term to 28 years, but it was agreed to put this matter within the 3 to 14-year range on the aggravated DUI."

¶ 25    Defense counsel argued the trial court failed to give sufficient weight to mitigating factors. Defense counsel also told the court,

> "One of the biggest errors though I think the Court made is the fact that you in aggravation—and think it was on Page 57—stated that a death had occurred as an aggravating factor, and I believe the argument at that point in time that we continue is that the death is implied in the charges of the aggravated DUI. The aggravated

DUI in this case is not based upon driving suspended or based upon a prior DUI or some other matter. It is an aggravated DUI based upon a reckless homicide, and the reckless homicide offense in and of itself implies that the individual *** died *** as a result of those injuries or the incident that occurred. And I think considering that that death was an aggravating factor by the Court, I think *** was error and should not have been taken into consideration."

¶ 26    Defense counsel also maintained it was error for the trial court to consider the plea bargain, stating,

"[T]he Court also shortly after that acknowledged that—and I acknowledge it's true—that the State agreed to reduce the extended term getting the 28-year maximum down to 14. That was as part of the negotiations; however, I think it is error for the Court to take that into consideration as an aggravating factor.

        In consideration of the fact that the maximum in this case is 14 years and the sentence is 12 years at 85 percent, I think *** that the sentence of the 12 years is excessive under the circumstances."

¶ 27    The trial court denied the motions, stating it believed the sentence given was appropriate under the totality of the circumstances.

¶ 28    This appeal followed.

¶ 29                              II. ANALYSIS

¶ 30    On appeal, defendant contends the trial court erred in denying his motion to reconsider sentence because the court (1) used a factor inherent in the offense in aggravation and (2) misunderstood the appropriate sentencing range because defendant was not eligible for a 28-year extended term. In the alternative, defendant argues he received ineffective assistance of

counsel when his counsel filed a motion to reconsider his sentence instead of a motion to withdraw his guilty plea. He also asserted his counsel was ineffective for failing to file a sufficient Rule 604(d) certificate. The State maintains defendant cannot challenge his sentence on appeal because he entered into a fully negotiated plea, which barred him from seeking reconsideration of his sentence without first moving to withdraw his guilty plea. In the alternative, the State argues (1) defendant invited any error, (2) the court did not err in sentencing defendant, and (3) any error was harmless. Finally, the State contends defense counsel did not render ineffective assistance.

¶ 31                     A. Defendant's Plea and Motion to Reconsider Sentence

¶ 32            Defendant first argues the trial court erred in denying his motion to reconsider the sentence. The State, however, contends this court lacks jurisdiction or, alternatively, defendant is barred from raising the matter on appeal because he failed to move to withdraw his negotiated plea. Defendant responds the plea was not negotiated because the State, when it mistakenly believed he was eligible for an extended term of 28 years, never bargained anything away.

¶ 33            At the outset, we note defendant is correct, and the State does not dispute, defendant was not eligible for a term of 28 years' imprisonment. In the charging documents, the State cited a statutory section pertaining to a term of 3 to 14 years when the DUI resulted in the death of one person and 6 to 28 years when the DUI resulted in the death of two or more people. 625 ILCS 5/11-501(d)(2)(G) (West 2020). Because there was only one death, defendant was not subject to the 28-year term under the DUI statute. While the State later gave notice of its intent to seek an extended term under another statutory provision, the applicable statutory provisions provide for a term of 7 to 14 years. 730 ILCS 5/5-5-3.2(b)(1) (West 2022); *id.* § 5-4.5-35(a). The record is also clear the parties were referring to the 28-year term under the DUI statute when defendant entered into the plea bargain.

¶ 34	Rule 604(d) sets forth the procedure to be followed when a defendant seeks to appeal from a judgment entered after a guilty plea. The rule mandates the filing of a postplea motion, such as a motion to withdraw the plea or a motion to reconsider the sentence, before an appeal of a plea may be taken. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 35	The type of guilty plea a defendant enters into determines the type of postplea motion to be filed by a defendant under Rule 604(d). For a "negotiated plea of guilty," Rule 604(d) states, "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." *Id.* Thus, following a court's acceptance of a negotiated guilty plea, a defendant must move to withdraw the guilty plea, even if only to challenge the sentence imposed. *People v. Evans*, 174 Ill. 2d 320, 332 (1996). In contrast, when a plea is not "negotiated," a defendant may choose to file either a motion to reconsider the sentence or a motion to withdraw a guilty plea or both. *Id.*

¶ 36	A defendant's failure to comply with Rule 604(d) does not deprive the appellate court of jurisdiction. *People v. Robinson*, 2021 IL App (4th) 200515, ¶ 11. "The failure to file the proper [Rule] 604(d) motion does not remove jurisdiction from the reviewing court; it simply precludes the court from considering the appeal." *People v. McNairy*, 2025 IL App (4th) 240039-U, ¶ 15 (citing *People v. Crump*, 344 Ill. App. 3d 558, 562 (2003)). When the wrong motion is filed, normally the appeal will be dismissed. *People v. Flowers*, 208 Ill. 2d 291, 301 (2003).

¶ 37	Rules 604(d) and 605(b) and (c) all state that a negotiated plea "is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely

to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024); see Ill. S. Ct. R. 605(b), (c) (eff. Apr. 15, 2024). A plea agreement that precludes the State from arguing for a sentence in the full range of available penalties is a negotiated plea. *People v. Dunn*, 342 Ill. App. 3d 872, 880 (2003). In addition, an agreement under which the State makes sentencing concessions, such as recommendation of a cap or agreement not to seek extended or consecutive terms, is negotiated. *People v. Diaz*, 192 Ill. 2d 211, 222-24 (2000). This court has also held a nonbinding sentencing recommendation is a concession by the State sufficient to place a plea agreement within the definition of a "negotiated plea of guilty" in Rule 604(d). *Robinson*, 2021 IL App (4th) 200515, ¶ 20. Where, like here, the State makes a sentencing concession and dismisses charges in conjunction with a defendant's guilty plea, the plea is also negotiated. *People v. Linder*, 186 Ill. 2d 67, 74 (1999).

¶ 38        The rationale underlying Rule 604(d)'s restrictions regarding negotiated pleas is founded on "the nature of the plea agreement and the application of contract[-]law principles." *People v. Johnson*, 2019 IL 122956, ¶ 27. To allow a defendant who entered a negotiated plea with the State to pursue a motion to reconsider his or her sentence would let the defendant hold the State to its end of the bargain while seeking a modification of a sentence the defendant agreed to. *Id.* This practice would violate contract principles as, when a negotiated plea is reached, the guilty plea and the sentence together are material elements of the plea bargain. *Id.* "[A]llowing a defendant to move to reconsider his sentence without withdrawing his plea 'unfairly binds the State to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms.' " *Id.* ¶ 28 (quoting *Linder*, 186 Ill. 2d at 74).

¶ 39        Here, the parties entered what would normally be considered a negotiated plea when defendant accepted the State's agreement to forgo seeking a 28-year extended term.

However, it is clear the agreement was made based on a mutual mistake of law and fact. Defendant was not eligible for the 28-year term because his act resulted in only one death; thus, the State in effect gave nothing up in terms of sentencing concessions when it made the agreement. Thus, defendant contends the mutual mistake converted his negotiated plea to an open plea. We note there is a lack of Illinois precedent directly addressing such a situation.

¶ 40 While there is a lack of Illinois precedent directly on point, as previously noted, plea agreements are controlled, at least to some extent, by contract law principles. *Evans*, 174 Ill. 2d at 326; *People v. Young*, 2013 IL App (1st) 111733, ¶ 37. The main concern when a plea is challenged "is that each party receive the benefit of its bargain." *People v. Richard*, 2012 IL App (5th) 100302, ¶ 24. Our supreme court has held "it would be fundamentally unfair to permit defendants to unilaterally modify their sides of the plea bargains while simultaneously holding the State to its side of the bargain." *People v. Lumzy*, 191 Ill. 2d 182, 187 (2000). Because the guilty plea and the sentence go hand in hand as material elements of the plea bargain, applying contract principles, a defendant may seek to modify the terms of a negotiated guilty plea only by withdrawing that plea and vacating the judgment, thereby returning the parties to the status quo. *People v. Absher*, 242 Ill. 2d 77, 87 (2011). Our supreme court has also held, in the event of a mutual mistake of fact, a court has the authority to reform a plea agreement to conform to the intent of the parties. *People v. Donelson*, 2013 IL 113603, ¶ 20.

¶ 41 Outside of Illinois, courts have noted negotiated plea bargaining is a dynamic process that often involves offers and concessions on multiple topics. *Clue v. State*, 615 S.E.2d 800, 803 (Ga. Ct. App. 2005). "As such, in many circumstances it is appropriate to view the final negotiated plea agreement as a 'package' deal, the terms of which should not be treated in isolation from one another but rather as a cohesive whole." *Id.* Thus, when a material portion of a negotiated

plea agreement is improperly based on a mistake of law, the fairest remedy is to rescind the entire plea agreement rather than vacate the sentence. *Rojas v. State*, 450 A.2d 490, 494 (Md. Ct. Spec. App. 1982).

¶ 42        Here, the proper remedy for a sentence imposed, in part, based on a legally faulty plea agreement would be to return the parties to the status quo. Doing so here would require rescinding the plea agreement. Accordingly, we decline to construe the effect of the mistake as one that would transform the negotiated plea into an open plea and allow defendant to challenge his sentence without withdrawing the plea. To hold otherwise would allow defendant to still enjoy part of the agreement, such as the State's dismissal of other charges, while arguing his sentence was excessive. As the court in *Lunzy* stated, it would be fundamentally unfair to allow defendant to unilaterally modify his side of the plea bargain while simultaneously holding the State to its side of the bargain. *Lumzy*, 191 Ill. 2d at 187. Accordingly, because defendant was challenging a negotiated plea, he was required to move to withdraw the plea in order to challenge the sentence. Because defendant did not do so, we do not address the merits of his sentencing contentions on appeal. Likewise, we do not address the State's alternate arguments affecting the merits of defendant's claims, application of the invited error doctrine, or harmless error, as doing so would be purely advisory. See *In re Luis R.*, 239 Ill. 2d 295, 306 (2010) ("It is well settled that Illinois courts cannot pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events." (Internal quotation marks omitted.)).

¶ 43                            B. Defense Counsel's Rule 604(d) Certificate

¶ 44        Defendant next contends the record establishes ineffective assistance of counsel and a failure of counsel to strictly comply with the certificate requirement of Rule 604(d). Thus, he argues we should reverse and remand for new postplea proceedings and strict compliance with

Rule 604(d). We agree.

¶ 45 Under Rule 604(d), when a defendant, after pleading guilty, files either a motion to reconsider the sentence or to withdraw the guilty plea, defense counsel must file a certification that counsel has done the following:

> "consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 46 Counsel must strictly comply with the provisions of Rule 604(d). *People v. Gorss*, 2022 IL 126464, ¶ 19. Our supreme court has stated the purpose of the rule is to ensure any errors that may have resulted in a guilty plea and subsequent sentence are brought to the attention of the trial court before appeal, while memories are fresh and witnesses are available. *Id.* ¶ 15. The certification requirement furthers that purpose by enabling the trial court to ensure counsel reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or reconsider the sentence. *Id.* The Rule 604(d) certificate thereby encourages the preservation of a clear record, both in the trial court and on appeal, of the reasons why the defendant is moving to withdraw the plea or reduce sentence. *Id.*

¶ 47 Remand is required when a certificate fails to comply strictly with Rule 604(d). *Id.* ¶ 19; *People v. Brown*, 2023 IL App (4th) 220573, ¶ 30. On remand from counsel's failure to comply, the defendant will have the opportunity to file a new postplea motion and a new hearing on that motion. *Brown*, 2023 IL App (4th) 220573, ¶ 30 (citing *People v. Bridges*, 2017 IL App

- 17 -

(2d) 150718, ¶ 6)).

¶ 48    This court generally considers the certificate itself to evaluate compliance with Rule 604(d). *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 37. However, a facially valid certificate may be rebutted by the record. *Id.* If the record demonstrates counsel failed to comply with his or her obligations under Rule 604(d), a remand may be required. *Brown*, 2023 IL App (4th) 220573, ¶ 31; *People v. Monroe*, 2024 IL App (4th) 231314-U, ¶ 37. Whether counsel complied with Rule 604(d) is a legal question we review *de novo*. *Gorss*, 2022 IL 126464, ¶ 10.

¶ 49    This court has held the erroneous filing of a motion to reconsider sentence instead of the correct motion to withdraw the plea rebutted a facially complaint Rule 604(d) certificate because the motion filed by counsel did not adequately present the contentions of error in a manner that would overcome a procedural challenge in the trial court or preserve any of the contentions of error for appeal. *People v. Ivy*, 2024 IL App (4th) 230382-U, ¶ 20. This holding comports with the purpose of Rule 604(d) " 'that any errors that may have resulted in a guilty plea and subsequent sentence are brought to the attention of the circuit court before appeal.' " *Id.* (quoting *Gorss*, 2022 IL 126464, ¶ 15). The same reasoning applies here.

¶ 50    Here, the record establishes defense counsel failed to comply with Rule 604(d)'s certification requirements. In order to challenge his sentence, defendant was required to file a motion to withdraw the guilty plea. However, defense counsel, under Rule 604(d), chose to file an invalid motion to reconsider the sentence instead. By doing so, defendant's contentions were not properly brought before the trial court and are not cognizant on appeal.

¶ 51    The State suggests remand is not necessary because the record shows defendant did not wish to withdraw his plea, he failed to make any allegations in the motion to reconsider the sentence that the plea was involuntary, and a motion to withdraw the plea would be unsuccessful.

However, given defense counsel's apparent belief it was unnecessary to file a motion to withdraw the plea, counsel also did not include allegations supporting such a motion, further illustrating the lack of compliance with Rule 604(d). Whether defendant desired to withdraw his plea and his likelihood of success on such a motion is speculative. Further, a defendant is not required to show prejudice to obtain a remand when counsel fails to comply with Rule 604(d). *People v. Jordan*, 2016 IL App (3d) 140262, ¶ 15. Accordingly, the record rebuts plea counsel's Rule 604(d) certificate, and the matter must be reversed and remanded for a new postplea motion if defendant so chooses and strict compliance with Rule 604(d). *Id.* ¶ 11. Because we reverse and remand based on counsel's lack of compliance with Rule 604(d), we do not address defendant's alternate argument that counsel rendered ineffective assistance. Finally, should defendant choose to file a motion to withdraw his plea on remand, we direct the trial court to consider the admonitions provided in this court's recent decision in *People v. Edmondson*, 2025 IL App (4th) 240782, ¶ 56, to ensure defendant fully understands the consequences of withdrawal of the plea.

¶ 52                                    III. CONCLUSION

¶ 53           For the reasons stated, we reverse the trial court's judgment denying defendant's motion to reconsider sentence and remand for new postplea proceedings and strict compliance with Rule 604(d).

¶ 54           Reversed and remanded.

*People v. Williams*, 2025 IL App (4th) 240738

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Knox County, No. 21-CF-547; the Hon. Andrew J. Doyle, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Catherine K. Hart, and Edward J. Wittrig, of State Appellate Defender's Office, of Springfield, for appellant. |
| **Attorneys for Appellee:** | Ashley M. Worby, State's Attorney, of Galesburg (Patrick Delfino, Edward R. Psenicka, and Kristina L. Jackson, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |