NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250103-U

NO. 4-25-0103

IN THE APPELLATE COURT

FILED
February 23, 2026
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| ABDON OCHOA VILLANEDA, | ) | No. 19CF414 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Ronald J. White, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Presiding Justice Steigmann and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed the denial of defendant's postplea motion, holding
there was no evidence in the record rebutting the facially valid certification filed
by postplea counsel in compliance with Illinois Supreme Court Rule 604(d) (eff.
Apr. 15, 2024).

¶ 2            Defendant, Abdon Ochoa Villaneda, pleaded guilty to one count of first degree

murder (720 ILCS 5/9-1(a)(1) (West 2018)) and one count of attempted first degree murder (*id.*

§§ 8-4(a), 9-1(a)(1)). The trial court sentenced him to 50 years in prison for first degree murder

and 20 years for attempted first degree murder, to be served consecutively. Defendant's postplea

motion to reconsider his sentence pursuant to Illinois Supreme Court Rule 604(d) (eff. Apr. 15,

2024) was denied, and defendant appealed. On appeal, defendant's unopposed motion for a

summary remand was granted, the denial of defendant's postplea motion was vacated, and the

matter was remanded for strict compliance with Rule 604(d). On remand, appointed postplea

counsel filed an amended postplea motion, along with the requisite Rule 604(d) certificate. After a hearing, the court denied the amended motion. Defendant appeals, contending his postplea counsel failed to strictly comply with Rule 604(d). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was indicted on 30 separate counts for an attack on two women that occurred in their home on February 16, 2019. One count alleged the attempted murder of defendant's ex-girlfriend, Katelynn Lindsey. Defendant was also charged in several counts with the murder of Katelynn's mother, Jennifer Lindsey. Some of those counts alleged the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty, subjecting defendant to a possible sentence of natural life imprisonment. See 730 ILCS 5/5-8-1(a)(1)(b) (West 2018). Prior to trial, pursuant to a partially negotiated plea, defendant pleaded guilty to count IV, which alleged first degree murder, subject to a sentence of 20 to 60 years, to be served at 100%. 720 ILCS 5/9-1(a)(1) (West 2018); 730 ILCS 5/5-4.5-20(a) (West 2018). Defendant also pleaded guilty to count XXIII, which alleged attempted first degree murder, subject to a sentence of 6 to 30 years, to be served at 85%. 720 ILCS 5/8-4(a), (c), 9-1(a)(1) (West 2018); 730 ILCS 5/5-4.5-25(a) (West 2018). All the other counts were dismissed. Before accepting defendant's plea, the trial court confirmed defendant could read, write, and understand English at about "85 percent." The court indicated either it or defendant's attorney would read anything written and defendant was to ask the court for clarification if there was anything he did not understand or that needed an explanation. The court then proceeded to give defendant the plea admonishments pursuant to Illinois Supreme Court Rule 402(a) (eff. July 1, 2012).

¶ 5        The State provided a factual basis for the plea. On February 16, 2019, police

officers responded to a residential address after receiving a 911 call from Katelynn reporting defendant, an ex-boyfriend, had violated an order of protection. Before officers arrived, Katelynn again called 911, this time to report something had happened to her mother, Jennifer. The second 911 call was suddenly disconnected. Officers entered the residence and found Jennifer deceased on the bathroom floor, with multiple injuries to her head, as well as a zip tie tied around her neck. They located Katelynn in the kitchen, suffering from a traumatic injury to her head. The officers identified defendant's vehicle from the squad car video from the first responding officers and ultimately apprehended him in Missouri after a vehicle chase. A girlfriend of defendant was interviewed by officers, and she reported defendant had called her and indicated he thought he just killed two women. A records check showed an order of protection was issued to Katelynn on February 1, 2019, and served on defendant on February 5, 2019. At the time he was taken into custody, defendant had Katelynn's necklace in his pocket. Testing of the jacket defendant was wearing when he was arrested revealed Katelynn's blood. An autopsy conducted on Jennifer revealed she suffered a broken jaw and a broken arm, had a zip tie around her neck, and had multiple blunt force trauma injuries to her head. The preliminary cause of death of Jennifer was blunt force trauma. The trial court accepted defendant's guilty plea, finding there was a factual basis and it was entered into freely and voluntarily, and set the matter for sentencing.

¶ 6        A presentence investigation report (PSI) was prepared, but defense counsel was not present and defendant did not waive his presence. Defense counsel filed a motion to continue sentencing and requested a new PSI be prepared. The motion was denied, but defense counsel was directed to supplement the PSI at the sentencing hearing. At the sentencing hearing, the State presented the original PSI and an addendum, which was further modified by the trial court based on corrected evidence of defendant's out-of-state convictions and other additions and

corrections made by defense counsel. The State also presented victim impact statements, photographs of the victims, and the testimony of a detective who investigated the attack on Jennifer and Katelynn. The detective explained some of the data had been extracted from defendant's cell phone. For instance, after the order of protection obtained by Katelynn against defendant was served on February 5, 2019, defendant searched on Google for small tracking devices. After that time, defendant also communicated with two people, attempting to solicit their assistance in harming Katelynn. The verified petition for an order of protection was admitted, along with a second verified petition for an order of protection involving a different victim in 2008. In her victim impact statement, Katelynn stated the attack left her with permanent brain damage, and she could no longer live alone due to her disability. Katelynn's aunt also submitted a victim impact statement, where she recounted the brutality of the attack against Jennifer and Katelynn. She also further described Katelynn's permanent injuries, which left Katelynn in a wheelchair. Defense counsel admitted evidence of classes or programs defendant completed while in jail, letters in support of defendant, and evidence of defendant's participation in Alcoholics Anonymous meetings in jail. Defendant also made a statement in allocution accepting responsibility for his actions and apologizing. After considering the PSI with modifications, the evidence in mitigation and aggravation, defendant's statement in allocution, and the sentencing recommendations, the court sentenced defendant to 50 years for first degree murder and 20 years for attempted first degree murder.

¶ 7        Defense counsel filed a postplea motion seeking reconsideration of defendant's sentence, arguing the sentence was excessive and the trial court failed to consider all the relevant factors in mitigation. Defense counsel did not file a certificate pursuant to Rule 604(d). The court denied the motion to reconsider, and defendant appealed. On appeal, the Second District granted

- 4 -

defendant's unopposed motion for a summary remand. The matter was remanded "for '(1) the filing of a [valid] Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *People v. Ochoa Villaneda*, No. 2-21-0343 (2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 8        Following remand, defendant was represented by several attorneys, but ultimately, Clayton Zamudio was appointed as postplea counsel. Postplea counsel filed an amended motion to withdraw defendant's guilty plea, accompanied by a Rule 604(d) certificate. The motion alleged defendant's plea was not knowing and voluntary because defendant did not sufficiently understand the English language and was not provided an interpreter. Also, the motion alleged plea counsel was ineffective. In the prayer for relief, the motion alternatively sought a reduction of defendant's sentence because it was "at variance with the spirit and purpose of the law and defendant's capacity of rehabilitation."

¶ 9        At the hearing on the motion, which revolved primarily around the language barrier issue, plea counsel testified defendant never requested an interpreter and plea counsel never had difficulty communicating with defendant. Defendant testified he did ask for an interpreter, and plea counsel indicated an interpreter would be available at important court dates, but an interpreter was never provided. Defendant also testified plea counsel told him the State made a "crazy offer," but plea counsel never shared the details of that offer with defendant. A police officer who questioned defendant testified that defendant never asked for an interpreter and the officer did not have any difficulty communicating with defendant. The interview with defendant was audio recorded and is included in the record. At the conclusion of the hearing, defendant sought to bring up an additional issue he deemed important. The trial court instructed

defendant to write it down and have postplea counsel present it to the court. The matter was continued so the court could review the evidence and arguments before rendering a decision.

¶ 10          The next day, when the trial court stated it was going to deny defendant's motion to withdraw his plea, the State pointed out defendant's motion also sought a reduction in sentence, and the State sought a ruling on that claim for relief. Postplea counsel responded the claim was included at the request of defendant and presented no evidence or further argument on the issue of defendant's sentence. The court stated it found no basis to reduce defendant's sentence, so it was also denying defendant's alternative motion to reconsider his sentence. At that point, defendant sought to present a letter he drafted, in which defendant challenged the contents of the audio recording presented by the State. The court did not address the letter further and instructed defendant he had the right to appeal the court's order denying his postplea motion. In its written order denying defendant's postplea motion, the trial court stated it found defendant's plea was made knowingly and voluntarily, defendant failed to establish plea counsel was ineffective, and defendant failed to establish there was any basis to reduce or change his sentence. Defendant was remanded to the Illinois Department of Corrections to continue serving his sentence.

¶ 11          This appeal followed.

¶ 12                              II. ANALYSIS

¶ 13          Defendant's amended notice of appeal states he is appealing his conviction, his sentence, and the denial of his postplea motion. In his briefs on appeal, however, defendant only seeks to vacate the denial of his postplea motion based on postplea counsel's failure to strictly comply with the requirements of Rule 604(d). Defendant makes no other substantive arguments regarding the merits of the trial court's denial of his postplea motion. Our role in the appellate

court is not to search the record and attempt to "formulate an argument for defendant out of whole cloth." *People v. Inman*, 2023 IL App (4th) 230864, ¶ 13. Thus, we limit our review to whether further remand for compliance with Rule 604(d) is warranted.

¶ 14        Defendant acknowledges postplea counsel on remand filed an amended Rule 604(d) motion and the appropriate certificate in strict compliance with the rule. Defendant contends, however, the record shows postplea counsel failed to make necessary amendments, so he did not actually comply with the rule and remand for compliance is necessary. Specifically, defendant contends postplea counsel failed to amend the postplea motion to both explain why defendant's sentence should be reduced and to assert that the trial court improperly considered matters outside of the record when imposing a cumulative 70-year sentence. The State concedes postplea counsel did not argue or provide evidence in support of defendant's alternative plea for relief but contends defendant was given a full and fair opportunity to present a postplea motion and another remand is not necessary.

¶ 15        Under Rule 604(d), a defendant who pleads guilty and wishes to appeal must first file a timely written motion to withdraw the guilty plea and/or to reconsider the sentence. *People v. Lindsay*, 239 Ill. 2d 522, 530 (2011). The rule requires defendant's attorney to file a certificate stating the following:

> "[T]he attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d)

(eff. Apr. 15, 2024).

¶ 16          Strict compliance with Rule 604(d) is required. *In re H.L.*, 2015 IL 118529, ¶ 8. "Strict compliance requires counsel to prepare a certificate that meets the content requirements of the rule and to file the certificate with the trial court." *Id.* ¶ 25. The filing of the certificate encourages the preservation of a clear record of the reasons a defendant is seeking postplea relief. *People v. Brown*, 2024 IL 129585, ¶ 47. "Rule 604(d) warns that any issue not raised by the defendant in the motion to reconsider sentence or the motion to withdraw the guilty plea shall be deemed waived on appeal." *Id.*; see Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024).

¶ 17          In general, this court looks to the certificate itself to evaluate compliance with Rule 604(d). *People v. Williams*, 2025 IL App (4th) 240738, ¶ 48. However, even a facially valid Rule 604(d) certificate may be rebutted by the record. *Id.* "If the record demonstrates counsel failed to comply with his or her obligations under Rule 604(d), a remand may be required. *Id.* We review *de novo* whether defense counsel complied with Rule 604(d). *Id.*

¶ 18          Here, there is no dispute postplea counsel filed a certificate representing he complied with all three requirements of Rule 604(d), which met the technical requirements of the rule. The amended motion on remand alleged defendant's guilty plea was not knowing and voluntary and his plea counsel provided ineffective assistance of counsel. The motion also requested, in the alternative, a reduction of defendant's sentence. There is also no dispute postplea counsel consulted with defendant to determine his contentions of error, as evidenced by the affidavits attached to the postplea motion and the alternative request to reconsider defendant's sentence, which was added at defendant's specific request. However, as stated, defendant argues the record contradicts the certification that postplea counsel made the necessary amendments to adequately present defects in defendant's sentencing proceeding. Specifically,

defendant contends the trial court relied on matters outside the record, the court's prior assignment and training, in concluding statements attributed to defendant in a petition for an order of protection by Katelynn indicated an intent or willingness to kill. Defendant argues postplea counsel should have alleged the court erred in relying on those matters outside the record, but he failed to do so.

¶ 19        We conclude the record shows defendant was afforded a full and fair opportunity to present his postplea claims. First, postplea counsel presented to the trial court the claim raised by defendant: his sentence was excessive. Also, postplea counsel certified he examined the prior proceedings and made any necessary amendments, which did not include a claim asserting the court relied on an improper sentencing factor. The transcript of the sentencing hearing reflects the court did mention its experience in domestic violence court, but defendant's sentence was based upon the appropriate statutory sentencing factors. See 730 ILCS 5/5-4-1(a), (b) (West 2018); see also *People v. Garibay*, 366 Ill. App. 3d 1103, 1109 (2006) (holding a sentencing judge is presumed to have considered all relevant factors unless the record affirmatively shows otherwise); *People v. Tye*, 141 Ill. 2d 1, 23-24 (1990) (holding a trial court is not expected to make his sentencing decisions in a vacuum). The order of protection referenced by the court was in the record. Also, the court specified it reviewed all the submissions and all the factors in mitigation and aggravation at length. Consequently, there is no affirmative showing in the record rebutting the certificate, and any claim by defendant or postplea counsel on that basis would have been futile. See *People v. Greer*, 212 Ill. 2d 192, 205 (2004) (holding, in the context of the similar rule applicable to postconviction proceedings, counsel has no obligation to argue frivolous claims).

¶ 20        Defendant contends we cannot determine whether postplea counsel identified or

properly evaluated this claim before electing not to make this argument on defendant's behalf. However, the unrebutted certificate allows us to make that determination, and there is nothing in the record to refute the certification. See *People v. Herrera*, 2012 IL App (2d) 110009, ¶ 13 (holding a facially valid certificate determines compliance with Rule 604(d), unless the record undermines the certificate).

¶ 21　　　　The ultimate goal of Rule 604(d) is to protect a defendant's interests through adequate consultation. *Brown*, 2024 IL 129585, ¶ 53. Our supreme court "has rejected arguments that the strict compliance standard of Rule 604(d) 'must be applied so mechanically as to require Illinois courts to grant multiple remands and new hearings following the initial remand hearing.' " *Id.* (quoting *People v. Shirley*, 181 Ill. 2d 359, 369 (1998)). After sentencing, the trial court had two opportunities to reconsider defendant's sentence and declined to do so on both occasions. See *id.* ¶ 54 (relying, in part, on the trial court's two opportunities to reconsider the defendant's sentence in determining the record showed the defendant had a full and fair opportunity to present his postplea claims).

¶ 22　　　　In denying defendant's amended motion, the trial court found the plea was made knowingly and voluntarily, the defense did not establish ineffective assistance of plea counsel, and the defense did not establish any basis to reduce or change defendant's sentence. Postplea counsel filed a facially valid certificate, and the record does not rebut the certificate, nor does it demonstrate noncompliance with the rule. Thus, there is no cause to once again reverse and remand.

¶ 23　　　　　　　　　　　　III. CONCLUSION

¶ 24　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 25　　　　Affirmed.